PEOPLE OF THE STATE OF NEW YORK *v.* WILLIAM F. HARDEN, Appellant.

(Court of General Sessions of the Peace in and for the County of New York, January, 1920.)

City of New York — traffic ordinance — violation of must be wilful — evidence — criminal law.

Where upon the trial of a complaint charging a violation of an ordinance of the city of New York which declares that " No vehicle shall be allowed to remain upon or be driven through any street, so as wilfully to blockade or obstruct the traffic of that street," the evidence fails to establish beyond reason-

able doubt that the defendant did wilfully obstruct the traffic, a judgment of conviction will be reversed, the fine imposed remitted and the complaint dismissed.

APPEAL from a judgment of conviction in a Magistrate's Court.

Coombs & Wilson, for appellant.

Edward Swann, district attorney, for people.

WADHAMS, J.   The defendant was convicted of violating subdivision 13, article 2, section 11, chapter 24 of the Code of Ordinances, which reads as follows: " No vehicle shall be allowed to remain upon or be driven through any street, so as wilfully to blockade or obstruct the traffic of that street."

It appears from the evidence that the defendant left his automobile standing at the curb in front of No. 205 Broadway, near Fulton street, in the county of New York, at about two P. M. on July 24, 1919, where the car remained for about one hour.   It may be conceded that there is evidence to sustain a finding that the car, left in that place for that period of time, did in some measure obstruct traffic.   The prohibition contained in the ordinance, however, is against wilfully obstructing traffic.

The record contains no proof that the defendant had been notified not to leave his car standing at this point because it would obstruct traffic or that he had been informed that it was obstructing traffic or that any instruction had been given him by the traffic officer or that he had any knowledge that the car was obstructing traffic.

The argument presented on behalf of the People is that the defendant should have known that a car if left for so long a time in such place would obstruct traffic

74　　　　　PEOPLE *v.* HARDEN.

Court of Gen. Sessions, N. Y. County, January, 1920.　[Vol. 110.

and, therefore, that his so leaving it establishes a wilful obstruction of traffic. The unsoundness of this contention is at once apparent when inquiry is made as to how long a car may be left without violating the ordinance and at what moment does the leaving of the car become a wilful obstruction. The mere leaving of a car standing at this point is not a violation of the city ordinance. It is provided by the city ordinance that no vehicle shall be permitted to remain in front of any premises on Broadway or Fifth avenue, south of Thirty-ninth street, unless placed in close proximity to the curb, with the side of such vehicle parallel therewith (Code of Ordinances, chap. 24, art. 2, § 16), thereby clearly indicating that if so placed vehicles may remain in front of the premises at the point in question.

The ordinance which the defendant is charged with violating is not *malum prohibitum,* but the element of wilfulness must be established beyond a reasonable doubt as an essential element of the offense.

The distinction between offenses in which a particular intent is an element and those in which it is not is clearly stated in *People* v. *Stevens,* 109 N. Y. 159, 163, where Judge Andrews says: " It is not necessary in all cases to constitute a crime that a defendant should know that the statute prohibits his act. It is sufficient if he does the act prohibited when the statute makes the mere act itself unlawful. But where a particular intent is an ingredient of the crime, the mere doing of the prohibited act does not constitute the crime unless accompanied with unlawful intent."

" Wilfully " has been frequently defined, and includes something more than consciously doing an act in that it includes a wrongful purpose intentionally to commit a prohibited act. In *Wass* v. *Stephens,* 128 N. Y. 123, 128, the court said: " But the word ' wil-

fully ' in the statute means something more than a voluntary act, and more also than an intentional act which in fact is wrongful. It includes the idea of an act intentionally done with a wrongful purpose, or with a design to injure another, or one committed out of mere wantonness or lawlessness.''

The board of aldermen undoubtedly has authority to pass an ordinance providing that no vehicle may be permitted to remain on certain thoroughfares in such manner as to obstruct the traffic or to limit the time during which a vehicle may be permitted to remain. Or if it be desired to prohibit wilful obstruction, the ordinance may be so drawn as to provide that the leaving of a vehicle at a given place for a specified period of time is *prima facie* evidence of wilful obstruction. The ordinance in question does not prescribe the act of leaving a vehicle as *malum in se,* neither does it fix a time limit which if exceeded would in itself constitute a violation or from which a wilful obstruction may be inferred. The ordinance should be so framed as to indicate clearly the offense prohibited.

In *People* v. *Phyfe,* 136 N. Y. 554, 559, it was stated: '' The citizen is entitled to an unequivocal warning before conduct on his part, which is not *malum in se,* can be made the occasion of a deprivation of his liberty or property.''

The evidence in this case fails to establish that the defendant violated the city ordinances in that it is not shown that he did wilfully obstruct the traffic.

Judgment reversed, fine remitted and complaint dismissed.

Judgment reversed.