THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JAY LEWIS, Defendant.

City Magistrates' Court of New York, Traffic Court, Borough of Manhattan, April 8, 1938.

Ambrose J. Haddock and Louis L. Stutman, Attorneys of Legal Bureau of Police Department, for the plaintiff.

Sidney W. Fischman, for the defendant.

AURELIO, C. M. The complaint charges that on January 31, 1938, the defendant parked his automobile in front of 207 East Forty-fifth street, New York city, between the hours of ten-forty-five P. M. and one-fifteen A. M.; that is, in excess of one hour, in violation of article VI, section 85, subdivision "A" of the Traffic Regulations adopted by the police commissioner of the city of New York, pursuant to section 435 of the New York City Charter.

The facts are not disputed but the defendant contends that the police commissioner is without power to enact traffic regulations under section 435 of the city charter, because under section 21 of the city charter the municipal council is vested with the sole legislative power of the city and since, so he claims, section 435 is inconsistent with section 21, it is invalid.

The two sections read as follows:

"§ 21. The Council shall be vested with the legislative power of the city, and shall be the local legislative body of the city, with the sole power to adopt local laws under the provisions of the city home rule law or otherwise, without requiring the concurrence of any other body or officer except as provided in sections thirty-eight, thirty-nine and forty."

"§ 435. * * * The commissioner shall make such rules and regulations for the conduct of pedestrian and vehicular traffic in the use of the public streets, squares and avenues as he may deem necessary which shall not become effective until filed with the city clerk and published in the City Record. The violation of such rules and regulations shall be triable by a city magistrate and punishable by not more than thirty days' imprisonment, or by a fine of not more than fifty dollars, or both."

These two sections were enacted as part of the city charter by the same Legislature at the same time and were voted upon by the People at the one election. I think the two sections come within the reason of the rule governing the construction of statutes

*in pari materia*, and as such must be construed with reference to each other. Each section is supposed to speak the mind of the same Legislature and the same people who voted for it; therefore, they should be construed so as to give validity and effect to each other. So construed the apparent inconsistency disappears and section 21 stands modified at least to the extent that the police commissioner is empowered to make traffic regulations.

That the police commissioner has the power to make traffic regulations is well established. The Court of Appeals in *Cherubino* v. *Meenan* (253 N. Y. 462) upheld the power of the police commissioner to make traffic regulations under section 315 of the old charter of the city of New York, which, in effect, is the same as section 435 of the present city charter.

The defendant also claims that " making certain streets arbitrarily no parking through streets is discrimination against the adjoining business and land owners." The defendant evidently has reference to the recently established express streets (streets where no parking is permitted during business hours in order to speed up traffic). While this is not the specific charge in the complaint, it may be noted that the right of the authorities to enact regulations prohibiting parking in certain congested blocks, limiting the time of parking for more than one hour in other blocks, and entirely prohibiting parking during certain specified hours in certain districts, is well recognized.

The defendant has not cited any case holding that the creation of express streets is an unreasonable exercise of the police power. In *Pugh* v. *City of Des Moines* (176 Iowa, 593; 156 N. W. 892), in a well-considered opinion, it was held that a city may, as to some streets, absolutely prohibit vehicles from standing thereon (except for a limited period for loading or unloading).

The defendant also contends that since section 435 of the city charter does not designate the nature of the criminal act, the only remedy available is a civil action for the penalty. This would be true if the section did not provide the alternative of a jail sentence, and while a violation of the traffic regulations in question is not a crime in the strict sense of that term as used in the Penal Law it is, nevertheless, a violation of a police regulation commonly known as an offense, punishable by fine or imprisonment or both.

Therefore, the defendant is found guilty as charged.

The fine is two dollars, or one day's imprisonment in city prison.