THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY RUBIN, Appellant.

Argued December 4, 1940; decided December 31, 1940.

*Henry Rubin,* appellant, in person. The Police Commissioner has no authority to regulate parking.

*Thomas E. Dewey, District Attorney (Stanley H. Fuld* and *Eugene A. Leiman* of counsel), for respondent.

SEARS, J. Defendant has been convicted of fifteen violations of the parking regulations of the city of New York. The defendant challenges the validity of the regulation, for breach of which he has been convicted, and also urges that the proof presented was insufficient to warrant a conviction.

The regulation in question was adopted and promulgated by the Police Commissioner and, so far as material here, is as follows, " No person shall park a vehicle; (a) More than one hour in congested, business or residential streets." The power to adopt the resolution is found in section 435 of the Charter of the City of New York (effective January 1, 1938), the pertinent part of which is as follows: " The police department and force shall have the power and it shall be their duty to * * * regulate, direct, control and restrict the movement of vehicular and pedestrian

traffic for the facilitation of traffic and the convenience of the public as well as the proper protection of human life and health * * *. The commissioner shall make such rules and regulations for the conduct of pedestrian and vehicular traffic in the use of the public streets, squares and avenues as he may deem necessary * * *. The violation of such rules and regulations shall be triable by a city magistrate and punishable by not more than thirty days' imprisonment, or by a fine of not more than fifty dollars, or both."

The validity of the power of the police commissioner to make traffic regulations has already been sustained by this court. (*Cherubino* v. *Meenan*, 253 N. Y. 462.) The point is now raised that a limitation of parking to one hour is not a regulation of " traffic in the use of the public streets." This is too narrow a construction of the word " traffic." In a general sense, the word applies naturally to movement but cannot be wholly confined thereto. Stopping of vehicles to accommodate the occupants is the common purpose of travel on our roads and streets. They are built to facilitate the end as well as the means of travel. It is common knowledge that an unreasonable use of the stopping or parking facilities thus provided interferes with the progress of moving vehicles. (*Cohen* v. *Mayor*, 113 N. Y. 532.) In a broad sense, then, the stopping of vehicles on the streets, including parking, is a part of traffic itself. If the occupancy of a part of a street is not for traffic, it is hard to see by what right the vehicle is there at all. Unreasonable use for parking or travel constitutes a threat to the safety of other wayfarers. Regulation is essential to adjust the use with the need and eliminate dangers. The time during which parking is to be allowed falls within the discretion of the board or individual to whom the legislative power of promulgating such regulations is committed. The inclusive meaning of the word " traffic " is forcibly shown by the fact that in the Vehicle and Traffic Law (Cons. Laws, ch. 71) parking is treated in section 86 contained in article 6 which is entitled " Provisions applying to highway traffic * * *." We are not referred

to any decision of this court to the contrary, and other courts of this State, and courts of other States, have rendered decisions in accordance with the views here expressed. (*Weiss, Inc.*, v. *Whalen*, 135 Misc. Rep. 290; *People* v. *Harden*, 110 Misc. Rep. 72; *People* v. *Lewis*, 167 Misc. Rep. 139; *Commonwealth* v. *Fenton*, 139 Mass. 195; *Welsh* v. *Town of Morristown*, [1923] 98 N. J. L. 630; affd., 99 N. J. L. 528; *Allen & Reed, Inc.*, v. *Presbrey*, [1929] 50 R. I. 53; *Matthews* v. *City of Prahran*, [1925] Vict. L. Rep. 469; 31 Argus L. R. 338.)

The jurisdiction of the magistrate to try the defendant on the charge of a traffic infraction is fully supported not only by the quoted language of section 435 of the Charter of the City of New York, but also by subdivision 29 of section 2 of the Vehicle and Traffic Law and by section 2 of the Penal Law. (Cf. *People* v. *Grogan*, 260 N. Y. 138, citing with approval *Matter of Cooley* v. *Wilder*, 234 App. Div. 256.)

The defendant also contends that violation of the ordinance was not proved. The record on this point is very brief. The defendant conceded that the police officer who made the charges found the car in question parked at the times and places charged in the city and county of New York for the length of time charged in the complaint and that the defendant was the licensed owner of the car in each instance. No evidence was offered by the defendant. No question is made of the right of the magistrate to take judicial notice of the character of the localities as falling within the description of the regulation. The concession made out a *prima facie* case. The contrary is urged because there was no direct proof that the stationing of the car in violation of the ordinance was done by the defendant. To rule that this inference may not be drawn from the established facts would be to deny to the trier of the facts the right to use a common process of reasoning. (*Justice* v. *Lang*, 52 N. Y. 323.) Ownership of a vehicle in civil cases has long been recognized as *prima facie* proof that it was being operated by or for the owner. (*Potts* v. *Pardee*,

220 N. Y. 431; *St. Andrassy* v. *Mooney*, 262 N. Y. 368.) Here, ownership has been held a sufficient basis for an inference of personal conduct. If he was not in control he could easily have produced a witness or witnesses to show it. (*People* v. *Dyle*, 21 N. Y. 578; *People ex rel. Woronoff* v. *Mallon*, 222 N. Y. 456, 465.) We find it competent under the circumstances to conclude from the proof that the owner of the car controlled the car and personally violated the regulation. (*Commonwealth* v. *Ober*, 286 Mass. 25. Cf. *People* v. *Kayne*, 286 Mich. 571.)

The judgment should be affirmed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Judgment affirmed.