THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* DEPARTMENT OF SANITATION OF THE CITY OF NEW YORK, Defendant.

City Magistrate's Court of New York, Borough of Manhattan, Traffic Court, November 8, 1948.

No appearance for plaintiff.

No appearance for defendant.

MAHONEY, M.   On October 15, 1948, at 10:40 A.M., a tag summons was issued for the registered owner of a motor vehicle bearing New York registration plates No. 5C-77-71, 1948, by being affixed by a police officer to said vehicle in front of premises No. 57 Pine Street, Manhattan.   The officer's complaint named the department of sanitation (of the City of New York), the registered owner of the vehicle, as defendant and charged that the said vehicle was parked for twenty minutes at the above location, a restricted area where parking was prohibited as indicated by police signs.

The case was duly called in court on October 18, 1948, a person answered and after being informed of the charge, pleaded '' guilty with an explanation: — that the car was being used at the time on official business ''.   That is an excuse frequently used by public employees charged with violations of traffic laws and regulations for the court's consideration in mitigation when imposing sentence.   Upon inquiry, however, it developed that the person so answering the charge here was not an employee of the department of sanitation, but of the department of investi-

gation and had not any authority to enter the plea for the depart- to plead from the commissioner of the department of sanitation or from the commissioner of whatever department may be responsible or wished to assume responsibility, he returned with a letter from a deputy commissioner of the department of investigation, as follows: " This is to advise that motor vehicle bearing New York State License number 5C–77–71 for the year 1948, on loan from the Department of Sanitation to this Department, was being used on October 15, 1948 for official business of this department ". By reason of the insufficiency of this communication the court repeated its prior direction and adjourned the case for October 19, 1948. The case was unanswered on that day and a warrant of arrest was ordered but has not been issued for the actual but undisclosed parker of the vehicle who, in view of the foregoing, must have received or have knowledge of the summons.

The foregoing occurrences impressed the court as rather unusual and on October 20, 1948, letters were sent to the commissioners of sanitation and investigation apprising them of the facts and seeking their co-operation in disposing of the case lawfully. The commissioner of sanitation by a letter dated October 27, 1948, and brought to the court by the department's chief clerk, among other things, wrote: " I have no doubt that the Department of Investigation was using the vehicle on official business at the time in question. * * * I do not believe that I should authorize a guilty plea on behalf of this Department. I do not do so because the vehicle at the time in question was under the control of the Department of Investigation ". The commissioner of the department of investigation by a letter dated October 26, 1948, mailed to the court, wrote, among other things, " an examiner employed by the Department of Investigation of the City of New York was using a Department of Sanitation vehicle ' 5C–77–71, New York ' on official business of the Department of Investigation. He advises me that while the car was being so used and while it was parked in front of the offices of the Department of Investigation, a tag summons was attached to it for parking in a restricted area. * * * In my opinion, a department of the City of New York cannot be a defendant in a legal action. The City of New York would seem to me to be the appropriate legal party in such a case. The disposition of this case is a matter for you."

The court, therefore, is constrained to pass upon the defenses interposed by the respective commissioners.

There is nothing in the City Charter or the Administrative Code of the City of New York that prevents or forbids the registration in its name by a city department of a publicly-owned motor vehicle. The New York State Vehicle and Traffic Law authorizes such registration of a motor vehicle by a city department. (New York State Vehicle and Traffic Law, art. 3, § 11, subd. 6, par. b.) Hence, a city department as the registered owner of a vehicle may be a defendant. It may, like any other registered owner of a motor vehicle, relieve itself of its responsibility for a parking regulation violation by disclosing who actually parked the vehicle. (*People* v. *Rubin,* 284 N. Y. 392.) The department of sanitation is presently the proper defendant.

A plea of " not guilty " to the alleged illegal parking of the said vehicle is therefore entered for the defendant, department of sanitation, and the trial of that phase of the case shall proceed on November 23, 1948. Issuance of the warrant of arrest shall be withheld until further order of the court.

It is no defense that the vehicle here involved was being used " on official business " while parked in front of the office of the department of investigation. It would be discriminatory to exempt a publicly-owned vehicle from the provisions of the laws regulating the use of public streets by motor vehicles or to permit a publicly-owned vehicle a use of a street denied to the public, except, of course, such extraordinary use by emergency vehicles, necessarily required by a true emergency.

It is hornbook law that the highways and streets are dedicated solely to public use and the passing and repassing of the public upon the entire width of the highway or street unobstructed and uninterrupted. The parked automobile, regardless of ownership, repeatedly has been characterized in the cases as " a public nuisance ", " a menace to public safety ", " a threat to the safe control of vehicular traffic ", " an interference with the progress of a City's commercial activities ". The automobile, too, regardless of ownership, has been described as " an intrinsically dangerous vehicle ". Regulations respecting its use upon the highways and streets became most essential for the public welfare. The result is the vehicular and traffic laws and regulations governing the use and operation of motor vehicles on the streets and highways.

Those laws and regulations apply to all vehicles, publicly owned and privately owned alike.

The New York State Vehicle and Traffic Law charges police authorities with its enforcement strictly and impartially.

The only exception respecting motor vehicles in that law and the regulations is the provision giving the right of way necessarily to certain emergency vehicles as such. That exception is limited to the right of way only, and so much so that even a vehicle equipped with a gong or siren whistle, when in the performance of duty and operated by a fire chief, has the right of way provided such gong or siren whistle is being sounded, but this shall not relieve the owner or driver of any such vehicle from liability for injuries inflicted in consequence of the arbitrary or careless exercise of this right. (Vehicle and Traffic Law, § 82, as amd. by L. 1947, chs. 137, 375.)

The Legislature itself was denied the right to dedicate only temporarily a public street to the use of a private person in aid of a public improvement. (*Bradley* v. *Degnon Contr. Co.*, 224 N. Y. 60). (Cf. *People* v. *Rubin*, 284 N. Y. 392 *supra; Cohen* v. *Mayor of City of N. Y.*, 113 N. Y. 532; *Cherubino* v. *Meenan*, 253 N. Y. 462; *Bradley* v. *Degnon Contr. Co.*, 224 N. Y. 60; *Callahan* v. *Gilman*, 107 N. Y. 360.)