## Commonwealth v. Dickey

*Robert D. O'Connor*, for Commonwealth.
*Saylor J. McGhee, Jr.*, for defendant.

LIPEZ, P J., November 10, 1958.—Defendant has been found guilty of failure to stop at the scene of an accident and failure to exhibit his operator's license and to give identification at the scene in violation of

section 1025 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §634. He now moves in arrest of judgment.

The testimony discloses that one Bowser, while operating his automobile on the night of April 26, 1957, between 9:30 and 10 p. m. on Route 220 between Lock Haven and Beech Creek was involved in an accident. The operator of the other car sped away and could not be identified. Pieces of metal were found lodged in the Bowser car after the accident and a piece of chrome was found on the road. On the morning of April 28 a damaged automobile, which defendant admitted owning, was located on a farm owned by his mother. The broken piece of metal and chrome fitted into the missing portions of the damaged parts of defendant's car. Defendant took the stand and denied any knowledge of the accident. He admitted being in a tavern located approximately one mile from the scene of the accident where he stated that he had parked his car with the keys in it earlier that evening. He left there at 10:45, and while driving home had fallen asleep, causing the car to go off the road and damaging it considerably. No testimony was offered in rebuttal by the Commonwealth.

The question here is whether mere ownership of a motor vehicle in itself is sufficient to sustain a conviction of a criminal charge where the essential ingredient of operation is denied by the owner.

The weight of authority in civil cases holds that proof of defendant's ownership raises a rebuttable presumption or inference that at the time of the injury the vehicle was being operated by or for the owner, thus making out a prima facie case: 42 A. L. R. 898, 74 A. L. R. 951. Pennsylvania, however, has long held that such ownership in itself furnishes no foundation for liability (Lotz v. Hanlon, 217 Pa. 339), except

in the case of business vehicles: Waters v. New Amsterdam Casualty Company, 393 Pa. 247. Where, however, the owner is present in the car, there is not only a presumption that he has the power to control it (Bean v. Pittsburgh Railways Company, 366 Pa. 360), but there is a rebuttable presumption that the owner was operating it: Bastian v. Baltimore & O. R. Co., 144 F. 2d 120; Limes v. Keller, 365 Pa. 258; Rodney v. Staman, 371 Pa. 1.[1]

---

[1] In Rodney v. Staman, 371 Pa. 1, husband and wife were both killed in an auto accident. There was no evidence the husband was driving the car at the time, but it was shown that he was its owner. The court stated: "That fact affords a rebuttable presumption that he was the driver of the automobile at the time of the accident. . . . While there is no decision in this State directly in point, in *Limes v. Keller*, 365 Pa. 258, 260, 74 A. 2d 131, Mr. Justice Stern said, '. . . there was enough circumstantial evidence [as to who was driving], *even apart from the rebuttable presumption that the owner of the automobile was operating it . . .*', and cited *Bastian v. Baltimore & O. R. Co.*, 144 F. 2d 120 (C. C. A. 3). In that case, the law of Pennsylvania on the question of the presumption was a matter for the Federal Court's ascertainment and application. It was there said (p. 123) that 'It is the law of many States that an owner is presumed to be in charge of and have control of his property, even if that property be a vehicle.' To this was coupled a footnote containing a discussion of the provision of The Vehicle Code (75 PS §739) that, in proceedings for violations of the Code, the license plate shall be prima facie evidence that the owner was at the time operating the vehicle. The footnote continued, 'We think that this statute is suggestive of what a Pennsylvania court might hold were it necessary to decide in a civil case who was the driver of a car and no fact other than ownership of the vehicle was presented.' Judge Stern's citation of the Bastian case gave his dictum in the *Limes* case the weight of a considered pronouncement on the Pennsylvania law which we follow now."

While the quotation from the Bastian case uses broad language and suggests that ownership of the vehicle in itself presumes operation, all the cases referred to had in evidence the fact that the owner was present in the vehicle at the time of the accident. It is

New York State has long held that ownership of the vehicle in civil cases constitutes prima facie proof that it was operated by or for the owner. Thus, where the owner of an automobile was charged with a parking violation and there was no direct proof that defendant stationed the car in violation of the ordinance, the Court of Appeals sustained a conviction of defendant, holding that defendant's admission of ownership constituted "sufficient basis for an inference of personal conduct" and made out a prima facie case: People v. Rubin, 284 N. Y. 392, 31 N. E. 2d 501.[2] However, in a prosecution for violation of an automobile speeding law where the only proof as to who was operating the vehicle was a showing that it was registered and licensed in the name of defendant as owner, the same court in People v. Hildebrandt, 308 N. Y. 397, 126 N. E. 2d 377 (1955) (with three dissents), reversed a conviction, holding that this in itself was insufficient to infer or presume that defendant was operating the vehicle at the time of the offense and expressly limited the Rubin decision to parking cases.[3]

---

questionable, therefore, whether the Supreme Court would hold that absent proof of such presence in the vehicle, it would indulge in the same presumption or inference.

[2] In 49 A. L. R. 2d 456, it is stated: "Cases involving charges of parking violations present peculiar difficulties as to proof of the person who actually operated the car at the time the violation was committed, since it is clearly impractical to provide sufficient police to wait at each improperly parked vehicle until the operator returns. Recognition of this difficulty has led to judicial approval of a presumption or inference that the owner of a car improperly parked may be regarded as at least prima facie responsible for the violation."

[3] The Court of Appeals pointed out that although presumptions in criminal law need not necessarily be statutory, they often take that form. Since there is no such statutory authority in New York as in some States (the court cited Pennsylvania as having a statute, 75 PS §739), it indicates that the legislature felt there was no

In the instant case though there was evidence of defendant's ownership, no evidence was produced as to the registration plate on the vehicle, either at the time of the accident or several days later when it was located on defendant's mother's property. The Vehicle Code of May 1, 1929, P. L. 905, sec. 1209, as amended, 75 PS §739, provides: " . . . the registration plate displayed on such vehicle shall be prima facie evidence that the owner of such vehicle was then operating the same." Since there is no evidence of the registration plate on defendant's vehicle, the Commonwealth does not have the benefit of the presumption. However, even assuming that it had

---

need for it. Said the court: "Making rules for traffic control is peculiarly a legislative job."

Nor did the court think that proof of ownership supports an inference of driving, stating: "We all know that many a passenger car is customarily driven at various times by various persons, we know that many a person owns more than one passenger automobile, we know that some owners are not licensed operators, and we are informed that there are outstanding in this State at least one million more automobile operators' licenses than passenger automobile registrations. From all of that it follows, we think, that it is hardly a normal or ready inference or deduction that an automobile which speeds along a highway is being driven by its owner, and by no other person."

Judge Fuld in a dissenting opinion felt that the conviction should be sustained on the authority of the Rubin case, that a rebuttable inference of driving arises from ownership; "that it is not always the owner of a speeding car who is at the wheel does not ipso facto invalidate the presumption. The basic test is whether common experience supports the probability, not the certainty that if the first fact is true, the second is also true."

However, the majority opinion seems to be the prevailing view, as stated in 49 A. L. R. 2d 459: "Where offenses involving the actual driving of the car at the time of the offense are concerned, the courts, at least in the absence of a statute or ordinance providing for the presumption or inference, have usually held that it cannot be inferred that the owner of the car, merely because of his ownership, was guilty."

been proven, defendant took the stand and denied that he operated the vehicle and disclaimed any knowledge of its operation. He thus brought himself within the provisions of the remaining portions of that section, which provides: "If at any hearing or proceeding, the owner shall testify, under oath or affirmation, that he was not operating the said vehicle at the time of the alleged violation of this act or any local ordinance, rule or regulation, and shall submit himself to an examination as to who at that time was operating such motor vehicle, and reveal the name of the person, if known to him, . . . then the prima facie evidence arising from the registration plate shall be overcome and removed and the burden of proof shifted."

The Commonwealth failed or was unable to produce any other testimony, so that in any event it would have been unable to meet the burden required of it, and thus we have no other alternative but to arrest the judgment and discharge defendant: Commonwealth v. Bolger, 182 Pa. Superior Ct. 309.[4]

## Order

And now, November 10, 1958, defendant's motion in arrest of judgment is sustained and defendant is discharged.

---

[4] The presumption here created by the legislature is self-limiting in its effect, so that defendant's testimony and denial, whether trustworthy or not, caused the presumption to vanish. It is, in its effect, of the "bat" and "bee variety," i.e., like "bats flitting about in the twilight and then disappearing in the sunshine of actual facts," or "Maeterlinck's male bee, which after functioning, disappeared": Wyckoff v. Mutual Life Ins. Co. of N. Y., 173 Ore. 592, 597, cited in Levin, Penna., and the Uniform Rules of Evidence, 103 Univ. of Pa. L. R. 1, 12.

Though the basic fact of ownership, notwithstanding the rebuttal of the statutory presumption, still remains in evidence, it does not in itself have sufficient probative value to support the jury's inference of driving: People v. Hildebrandt, supra, 49 A. L. R. 2d 459, supra.