Benjamin Gassman, P. J.
(dissenting). The defendant was convicted of speeding. The summons was served upon him on June 27, 1958. The trial took place on April 15, 1959. The officer stated that he was testifying from his notes; that the incident occurred almost a year before the trial and that he had no independent recollection of the facts. The testimony then proceeded as follows:
Q. Officer, did you pull over the defendant — the automobile? A. Yes, I did.
Q. Did you get off your vehicle ? A. I got off my motorcycle, yes.
Q. Did the defendant get out of his car?
The Court: If you recall.
Witness : I don’t recall the defendant being out of his car.
Q. Aside from pedigree, did you have any conversation with the defendant? A. I have no record of conversation.
Q. You don’t recall any conversation? A. I don’t recall any. * *
Q. Officer, are you testifying from your notes ? A. Yes, from record.
Q. Do you have any independent record of this aside from your notes ? A. It was a year ago and I can’t say exactly. * * *
Q. Aside from the fact that you see this man sitting here right now, do you have of your own independent knowledge and recollection — strike that out. Officer, from your own independent knowledge and recollection, can you positively identify this defendant as the person you issued that summons to ? A. Your Honor, can I object to that?
The Court : Answer it yes or no.
Witness : It was a year ago, I issued many summonses since that day. * * *
The Court: Officer, can you identify this defendant here present in court as being the specific person who operated the automobile at the time and place in issue?
Witness: No, I can’t, Your Honor.
The defendant rested at the end of the People’s case and was found guilty. It is elementary that the failure of the defendant to take the witness stand cannot create any presumption against him (Code Crim. Pro., § 393) and the sole question on this appeal is whether the police officer identified the defendant as the one who operated the automobile in question.
This case is unlike People v. Rubin (284 N. Y. 392, 397) where the Court of Appeals affirmed a parking conviction, saying: “We find it competent under the circumstances to conclude from *178 the proof that the owner of the car controlled the car and personally violated the regulation ”, even though there was no direct proof that it was the defendant who parked the automobile. In that case, ownership of the car raised a presumption of control. In fact, the Court of Appeals, in People v. Hildebrandt (308 N. Y. 397, 399) distinguished a parking offense from a speeding offense. In the latter case, which involved a speeding conviction, the Court of Appeals reversed the conviction, saying (pp. 399, 401): “At the trial, there was no direct proof as to who was in fact operating the car, but simply a showing that the automobile was registered and licensed in the name of defendant as owner. * * * The People, not unreasonably, put their reliance on People v. Rubin (284 N. Y. 392, supra). Rubin was convicted of violating a New York City parking regulation. There was ‘ no direct proof that stationing of the car in violation of the ordinance was done by the defendant ’ but this court held that his admission of ownership ‘ made out a prima facie case ’. However, we do not think this decision was meant to go so far as to make that a uniform rule for every prosecution involving an automobile. After all, parking violations are of a special sort. The car is left unattended, there is usually no one present to be arrested, and it is not unreasonable to charge to the owner an illegal storage of his vehicle in a public street. We, of course, do not repudiate the Rubin decision but we think its coverage should be limited to parking cases. ’ ’
While the police officer testified that he observed a 1957 Rambler Sedan, white top, black and red body, and that he clocked it for three tenths of a mile at a speed of not less than 54 miles per hour, he did not identify the defendant specifically as the one who operated that automobile. Had he testified that he was given the driver’s license by the defendant, that he compared the weight, color of hair and eyes of the defendant with those stated on that license and made a record of them, and that from the record he now states that the defendant in court compared favorably with the one who gave that license to him, there would have been prima facie evidence of identity. On the present state of the record, there is none.
“ Speeding in an automobile is personal individual wrongdoing, which can subject the wrongdoer to serious penalties ” and to it “ there should be applicable the criminal-law rules of presumption of innocence and necessity of proof of guilt beyond a reasonable doubt” (People v. Hildebrandt, supra, pp. 399, 401). I hold that identification of the defendant was not made in a manner as to prove his guilt beyond a reasonable doubt.
*179 Accordingly, I vote to reserve the judgment and to dismiss the complaint.
Dunaif, J., concurs with Ringel, J., in a separate opinion; Gassman, P. J., dissents in an opinion.
Judgment affirmed.