THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DUANE C. JOHNSON, JR., Appellant.

County Court, Orleans County, June 1, 1962.

*Duane C. Johnson, Jr.,* appellant, in person. *Franklin B. Cropsey, District Attorney,* for respondent.

J. KENNETH SERVÉ, J. The defendant has been convicted of violating the Village of Medina parking ordinance. His trial was held in the Police Justice Court of that village (PAUL I. MILES, J.), and upon his conviction, he was fined $5. He has appealed from such conviction.

The violation is alleged to have occurred March 17, 1962, on Main Street, in Medina, where parking meters are installed. The information, in substance, charged the defendant with overtime parking.

On the trial, the prosecution introduced the testimony of two witnesses, and the defendant did not testify. One of the prosecution's witnesses, the meter maid so-called, testified that at 10:35 A.M. (no date mentioned), she placed a traffic ticket on a gray Pontiac automobile, which was parked at a certain location on Main Street, and at that time, the red flag of the parking meter in front of where the car was parked, was up. The other witness for the People testified that on March 17, 1962 (no time of day mentioned), he observed a gray Pontiac automobile, bearing registration OR 1430, on Main Street, at about the same location as testified to by the other witness, and that the meter in front of the car displayed a red flag. He further testified that he was about to place a parking ticket on the automobile

when he noticed that one was already placed on the automobile in question.

No evidence was received that the gray Pontiac automobile belonged to the defendant or that the defendant was the one who parked the automobile at the location where the alleged overtime parking violation occurred. The first witness testified only that it was a gray Pontiac automobile, and she did not further identify the car. The other witness for the prosecution described the car as being the same color and make, and in addition, that the car had registration plate OR 1430. However, no testimony was offered to connect the defendant with the registration number or in any way with the car. Where a motor vehicle is registered in the name of a particular owner, a presumption is created that the owner is the person who violated the parking ordinance, and the burden is placed upon the owner to offer proof that he was not in possession or control of the vehicle. This principle does not change the law as to the presumption of innocence, but merely shifts the burden of going forward from the People to the defendant (*People* v. *Rubin*, 284 N. Y. 392; *People* v. *Avis Rent-A-Car Division*, 24 Misc 2d 1056.)

The full import of the People's testimony is that a gray Pontiac automobile, bearing registration OR 1430, was illegally parked on March 17, 1962. The evidence on the part of the People failed to connect the defendant with the alleged parking violation, and this burden of proof must be assumed and sustained by the People before a conviction is warranted. The People have failed to prove an essential part of its case. The motion of the defendant to dismiss the information for the failure of proof on the point above discussed should have been granted.

Due to the fact that the appeal is disposed of for the reason stated above, it is unnecessary to pass upon the other alleged errors set forth in the defendant's affidavit.

The conviction of the defendant is reversed, the information is dismissed, and it is directed that the fine be remitted.