Peter A. Quinn, J.
These are cross motions for summary judgment in an action in which plaintiff property owners’ association seeks a declaratory judgment (and an injunction carry *851 ■ing into effect such declaration) that defendants have no legal authority to regulate parking on certain streets over which the public has full right of way, though the land in the bed of these streets is owned by plaintiff and the streets are cleaned, repaired and maintained by the plaintiff.
Section 1642 of the Vehicle and Traffic Law is to the effect that the legislative body of a city, such as New York, may by local law, ordinance, etc., regulate traffic on its highways. The section specifically provides that the term highway “ shall include any private road open to public motor vehicle traffic in such city.” It is undisputed that the streets here involved are open to public motor vehicle traffic.
Section 435 of the New York 'City Charter authorizes the Police Department of the City of New York to regulate, direct and control, etc., the movement of vehicular and pedestrian traffic.
Though conceding that the New York City Police Department ha's the necessary authority to lawfully regulate traffic over the so-called private streets in Pieldston, it is nevertheless plaintiffs contention that this does not include authority to lawfully regulate parking on these so-called private streets. This court holds to the view that “ In abroad sense * * * the stopping of vehicles on the streets, 'including parking, is a part of traffic itself.” (People v. Rubin, 284 N. Y. 392.)
Section 1642 of the Vehicle and Traffic Law is a valid exercise of the police power 'and section 435 of the New York City Charter is a valid delegation of that power. The application of these statutes, in the ca'se at bar, does not constitute the esoteric exercise of the power of eminent domain, nor in any sense, such a taking of private property by the soverign as requires the payment of just compensation.
Plaintiffs motion for summary judgment is denied. Defendants’ cross motion for summary judgment, dismissing the complaint, is granted.