STATE ex rel. THOMPSON

v.

Stephen DeNARDO.

No. 81–365–C.A.

Supreme Court of Rhode Island.

July 21, 1982.

Dennis J. Roberts II, Atty. Gen., John E. Migliaccio, Asst. Atty. Gen., for plaintiff.

Michael J. Kiselica, Cranston, for defendant.

## OPINION

WEISBERGER, Justice.

This consolidated appeal comes before us from a number of judgments of conviction of parking violations entered in the Superior Court. Although the violations allegedly committed by the defendant occurred at different dates and under varying circumstances, all pose common questions of law and have been consolidated for purposes of presentation to this court. We affirm the judgments of conviction.

In support of his appeals, defendant raises three issues. These issues will be considered in the order in which they were raised in defendant's brief.

### I

The defendant first argues that Traffic Regulation No. 57, upon which the present violations are based, is no longer valid. The defendant asserts in support of this argument that Traffic Regulation No. 57 was adopted on October 29, 1940, by the Bureau of Police and Fire of the City of Providence (the bureau). He further asserts that pursuant to authority granted by P.L.1948, ch. 2067, the city of Providence

established the post of traffic engineer. This office and department were created by the Providence city ordinance §§ 2–151, –152, and –153 in 1948. Section 2–157 of the same ordinance provided as follows:

"All existing laws, ordinances, rules and regulations governing the regulation and control of traffic, including parking shall remain in full force and effect until changed by the traffic engineer."

Thus, the city council, in conferring upon the traffic engineer all of the powers to regulate the use of highways, including parking, which had previously been conferred upon the bureau, took steps to preserve all prior regulations until such time as they might be changed by the traffic engineer. An examination of P.L.1948, ch. 2067, discloses that the Legislature authorized the city council to establish a traffic engineering department and to vest in the traffic engineer the authority to establish rules and regulations governing the use of public highways within the city. The enabling act, viewed as a whole, clearly indicates that the city council had the power to preserve the prior regulations as it did. Implied repeal of preceding statutory enactments is not favored by the law. *Berthiaume v. School Committee of Woonsocket*, R.I., 397 A.2d 889, 893 (1979); *Providence Electric Co. v. Donatelli Building Co.*, 116 R.I. 340, 344, 356 A.2d 483, 486 (1976). It is obvious that upon the establishment of a new department, it is most reasonable to preserve the regulations of its predecessor until they are changed. This is what the Providence ordinance was designed to accomplish. We find no repugnance between this ordinance and the enabling statute. Thus, the first argument is unpersuasive.

### II

The defendant's second argument is based upon the assertion that § 20B of Traffic Regulation No. 57 imposes vicarious liability upon the registered owners of automobiles. This section reads as follows:

"No person shall allow, permit, or suffer any vehicle registered in his name to stand or park in any street or highway in

violation of any of the provisions of this Traffic Regulation, or any amendment thereof."

To the extent that we understand defendant's argument, it asserts that this section would purport to make owners criminally responsible for the parking of a vehicle even though they might not have committed the act of parking personally. We do not so construe § 20B. By its plain language, a registered owner must have participated in the act in order to "allow, permit, or suffer" the vehicle to stand or park in violation of a traffic regulation. Thus, by its terms no vicarious liability is sought to be imposed. A registered owner would violate this section only if he knowingly allowed or permitted his vehicle to be parked in violation of a traffic regulation. Consequently, this regulation is not inconsistent with G.L.1956 (1968 Reenactment) § 31–12–12(1), which confers powers upon local authorities to regulate the standing or parking of vehicles.

### III

■ The defendant's final argument asserts that a court may not infer from the mere fact of ownership of a motor vehicle that such owner suffered, permitted, or allowed his motor vehicle to be parked in violation of traffic regulations. Inferences based upon probability have long been recognized as a part of the rules of evidence. Inferences frequently drawn from similar fact groupings are referred to as presumptions. *See McCormick's Handbook of the Law of Evidence* § 343 at 806–10 (2d ed. Cleary 1972). Presumptions may be legislatively authorized. *In re Vincent*, R.I., 413 A.2d 78, 79–81 (1980); *State v. Neary*, R.I., 409 A.2d 551, 554–55 (1979). Many presumptions have arisen without legislative authorization by virtue of court decisions. *See McCormick's Handbook of the Law of Evidence* § 343. We have pointed out in *In re Vincent* that statutory inferences or presumptions are permissive and that they do not shift the burden of persuasion but may place upon a defendant the burden of going forward with the evidence or raising an issue of fact. R.I., 413 A.2d at 80–81; *see*

*State v. Neary*, R.I., 409 A.2d at 555. In the case at bar we are dealing with an inference rather than a presumption.

■ The Court of Appeals of the State of New York in *People v. Rubin*, 284 N.Y. 392, 31 N.E.2d 501 (1940), confronted a similar problem in respect to a parking violation. In that case the defendant argued that the proof of the parking of the car would not give rise to an inference that the stationing of the car in violation of the ordinance was done by the registered owner. The court's comment on this argument was both apt and succinct:

"To rule that this inference may not be drawn from the established facts would be to deny to the trier of the facts the right to use a common process of reasoning. * * * Ownership of a vehicle in civil cases has long been recognized as *prima facie* proof that it was being operated by or for the owner. * * * Here, ownership has been held a sufficient basis for an inference of personal conduct. If he was not in control he could easily have produced a witness or witnesses to show it." *Id.* at 396–97, 31 N.E.2d at 502–03.

Under the circumstances of this case, we are of the opinion in respect to these multiple parking violations that it was reasonable for the trier of fact, in the absence of any factual issue raised by the defendant, to infer that the parking or standing of these vehicles had occurred with the knowing participation of the registered owner. Such an inference bears a rational relation between the facts proved and the ultimate fact inferred. *See United States v. Gainey*, 380 U.S. 63, 66, 85 S.Ct. 754, 757, 13 L.Ed.2d 658, 662 (1965); *Tot v. United States*, 319 U.S. 463, 467–68, 63 S.Ct. 1241, 1245, 87 L.Ed. 1519, 1524 (1943).

For the reasons heretofore stated, the defendant's appeal is denied and dismissed. The judgments of conviction are affirmed. The papers in the case may be remanded to the Superior Court.