James J. McGOWAN

v.

STATE of Rhode Island, DEPARTMENT OF TRANSPORTATION, DIVISION OF MOTOR VEHICLES.

No. 95–483–M.P.

Supreme Court of Rhode Island.

Jan. 17, 1997.

Mark T. Buben, Providence, for Plaintiff.

Priscilla Pappadia, Warwick, F. O'Halloran, for Defendant.

## OPINION

PER CURIAM.

This matter came before us pursuant to an order directing the parties to appear and show cause why the issues raised in the plaintiff's petition for certiorari should not be summarily decided. After hearing arguments and reviewing memoranda, we conclude that cause has not been shown.

In October 1994, the Division of Motor Vehicles (the division) directed the plaintiff, James J. McGowan, to schedule a meeting with a division hearing officer regarding an application for a license or identification card. As directed, plaintiff scheduled a meeting and appeared before a hearing officer on November 9, 1994. At the meeting plaintiff was questioned regarding the license of plaintiff's cousin, Joseph McDonald (McDonald). The plaintiff was asked whether he had assisted McDonald in obtaining a fraudulent license. In response, plaintiff admitted that he had given McDonald the names of individuals known to him who attended Rhode Island College and who could help him obtain a fraudulent license. The plaintiff also admitted to the hearing officer that he had been in the presence of McDonald after

McDonald had obtained a fraudulent license and that he had also witnessed McDonald display the license in order to enter drinking establishments while underage. The plaintiff refused, however, to reveal the names of the individuals he had given to McDonald claiming he could not recall any names.

No suggestion was made at that hearing, or has been suggested since, that plaintiff's own license was itself fraudulent or that plaintiff had himself altered McDonald's license. Nonetheless, relying upon the facts learned at this meeting, the hearing officer suspended plaintiff's license for one year. The hearing officer relied on G.L.1956 §§ 31–11–7 and 31–11–16 for the authority to suspend plaintiff's license. Section 31–11–7 reads in pertinent part:

"(a) The registry is hereby authorized to suspend the license of an operator or chauffeur without preliminary hearing upon a showing by its records or other sufficient evidence that the licensee:

\*       \*       \*       \*       \*       \*

(6) Has permitted an unlawful or fraudulent use of such license."

Section 31–11–16 reads in pertinent part:

"It is a misdemeanor for any person:

(1) To display or cause or permit to be displayed or have in his or her possession any canceled, revoked, suspended, fictitious, or fraudulently altered operator's or chauffeur's license;

\*       \*       \*       \*       \*       \*

(5) To use a false or fictitious name in any application for an operator's or chauffeur's license or to knowingly make a false statement or to knowingly conceal a material fact or otherwise commit a fraud in any such application."

The division hearing officer concluded that plaintiff had violated § 31–11–16(1) by allowing his cousin to use a fictitious license and had violated § 31–11–16(5) by concealing the names of the individuals who had helped alter his cousin's license. The division hearing officer further concluded that plaintiff had permitted a fraudulent use of a license in

violation of § 31–11–7 and that he was thus empowered to suspend plaintiff's license.

The plaintiff requested and received two further hearings before division officers. Each request was granted, and each officer concluded that the division had the authority to suspend plaintiff's license under the previously noted statutes. Plaintiff then appealed to the Administrative Adjudication Court (the AAC) and his appeal was heard there on May 9, 1995. The AAC judge affirmed the determination of the division officers but reduced the suspension from one year to three months. Finally, plaintiff sought review before the Appeals Panel of the Administrative Adjudication Court (the appeals panel). He again challenged the authority of the division to suspend his license under the relied upon statutes for merely giving his cousin the names of individuals who could help him obtain a fraudulent license. Unpersuaded, the appeals board affirmed the AAC decision with a "boilerplate" order.

The plaintiff now seeks review by certiorari in this Court, asserting that the division lacked the statutory authority to suspend his license under §§ 31–11–7 and 31–11–16.

■ In this case the issue before us is one of statutory construction. Where a statute is unclear, the interpretations given to it by a regulatory agency are given deference. The agency's interpretation of such statutes is accorded that deference in order to facilitate their function of public service. *See Defenders of Animals, Inc. v. Department of Environmental Management*, 553 A.2d 541 (R.I. 1989); *see also Statewide Multiple Listing Service, Inc. v. Norberg*, 120 R.I. 937, 392 A.2d 371 (1978). This Court will not give such deference, however, when the statute does not need interpretation. *See Defenders of Animals, Inc*, 553 A.2d at 543. Nor will this Court allow an agency to "encroach upon the legislative province by altering or amending the scope of the statute." *Norberg*, 120 R.I. at 941, 392 A.2d at 373.

■ Section 31–11–16(5) makes it a misdemeanor for any person, in obtaining an operator's license, to "knowingly make a false statement or to knowingly conceal a material fact or otherwise commit a fraud in any such application." The facts of this case clearly indicate that nothing in plaintiff's application for his own license was false or fraudulent. The division asserts, however, that by refusing to reveal the names of the individuals who had assisted his cousin in obtaining his fraudulent license, plaintiff "concealed a material fact." That interpretation is plainly wrong under the language of the statute. The statute speaks to those individuals completing an application. Because plaintiff's application was not at issue in this case, he cannot be found to have violated § 31–11–16(5).

■ Under § 31–11–16(1) it is a misdemeanor to "permit to be displayed * * * any * * * fictitious, or fraudulently altered" license. The division argues that plaintiff violated this section when he observed his cousin use a fictitious license and permitted him to display it. Again, the division's reading of this section is contrary to the language contained therein. The language of § 31–11–16(1) makes it a misdemeanor for an individual to permit his own fraudulent license to be displayed. It does not, as the division contends, require members of the public to notify the division that others are using a false or fictitious license.

■ The division also argues that it has the power to suspend plaintiff's license under § 31–11–7(a)(6). Again the clear language of that section reveals that the division's interpretation is wrong. Under § 31–11–7(a)(6):

"(a) The registry is authorized to suspend *the license of an operator* or chauffeur without preliminary hearing upon a showing by its records or other sufficient evidence that the licensee:

    *    *    *    *    *    *

(6) Has permitted an unlawful or fraudulent use of *such license*." (Emphases added.)

The language in subsection (6) "such license" modifies the language in subsection (a) "the license of an operator" making clear that the prohibited act is permitting a fraudulent use of one's own license. In this case plaintiff did not permit his own license to be used in a fraudulent or an unlawful manner.

Because we conclude that the interpretations given to the sections at issue were a misapplication of the law, we reverse the decision of the appeals panel and vacate the order appealed from. In doing so we remind the appeals panel as we did in *Link v. State*, 633 A.2d 1345 (R.I.1993), that whereas so called "stock" or "boilerplate" decisions are not forbidden, they are to be discouraged because they do not assist us in our appellate review. After reviewing the facts of this case and the clear lack of statutory authority for the action by the division, we might also question whether "stock" or "boilerplate" decisions have a tendency to impede the careful review function that the General Assembly has delegated to the appeals panel. The petition for certiorari is granted, the order suspending plaintiff's license for three months is vacated, the decision of the appeals panel is quashed, and the record certified to this Court is remanded to the Administrative Adjudication Court with our decision endorsed thereon.

With respect to the request of the plaintiff's counsel for reasonable litigation expenses including attorney's fees under G.L. 1956 chapter 92 of title 42, counsel may submit his itemized request therefor within fifteen days, and this Court will consider the appropriateness of such submission.