DECISION
This cause is before the Court for decision on plaintiff's demand for relief with respect to the denial of his request for inspection and/or copying of certain records pursuant to the provisions of Title 38, Chapter 2 of the General Laws of Rhode Island, 1956, (1997 Reenactment). The aforementioned chapter is denominated "Access to Public Records."
The facts demonstrate that on or about April 23, 1998, plaintiff wrote to the chairman and to the president of defendant personally requesting the opportunity to view and copy certain of defendant's records including . . . "(4) Records showing all vendors, including but not limited to attorneys and consultants, . . .". Thereafter, though defendant made available to plaintiff most of the information requested, it declined through counsel to provide the record's request quoted above. Defendant, through its attorneys, responded to plaintiff by letter dated June 9, 1998 asserting that the ". . . access to public records act does not apply to Beacon because it is not a public agency or public body, nor does it act on behalf of any public agency."
Plaintiff thereafter commenced this action seeking declaratory and injunctive relief, as well as damages, asserting essentially that defendant within the contemplation of § 38-2-2(1) is a public body, accordingly, claims plaintiff, he has a right pursuant to § 38-2-3(a) "To inspect and/or copy those records. . . ."
The evidence shows also that defendant was organized in December 1990 as a non-profit, independent public corporation. Defendant, which also is known as "The Rhode Island Workers' Compensation Insurance Fund" is organized and operated as a domestic, mutual insurance company.
Defendant was organized in response to a crisis with respect to workers' compensation coverage in Rhode Island at a time when several insurance carriers offering that kind of coverage were withdrawing from the state and the General Assembly recognized ". . . without this insurance at a competitive rate, the orderly growth and economic development of the state would be severely impeded; and that the provision of competitive insurance coverage by (defendant) for employers in Rhode Island and the capitalization (of defendant) through capital assessments as provided in (Title 27 Chapter 7.2) is for the benefit of the public and in furtherance of a public purpose." See 27-7.2.-2(a)(b) and (f).
Defendant is exempt from state taxation (see 27-7.2-203 and 44-17-1, et seq.) and has claimed exemption from federal taxation pursuant to the provisions of I. R. C. § 115(1) and since 1997 pursuant to § 501(c)(27)(B).
The dispositive issue with respect to this case is and the Court's decision must be based on whether defendant is an agency or public body within the contemplation of § 38-2-2(1) which defines those terms to ". . . mean any executive, legislative, judicial, regulatory, administrative body of the state . . . including but not limited to, any department, division, agency, commission, board, office, bureau, authority, . . . or other agency of Rhode Island state . . . government which exercises governmental functions, or any other public or private agency, . . . corporation, or business entity acting on behalf of any public agency."
Plaintiff essentially argues that (1) defendant is a public corporation and because there is no material difference between a public corporation and a public body, it follows that defendant is a public body within the contemplation of the Access to Public Records Act; or (2) defendant is a public body within the statutory definition quoted above because it acts on behalf of a public agency. Because subsequent to the time when this matter first arose, the Access to Public Records Act was amended, inter alia, to add toward the end of § 38-2-2(1) the words "and/or in place of . . . any public agency" defendant argues that the Court should deal with the statute as it existed at the time of plaintiff's request.
In the view this Court takes of the within matter, the language added to the end of § 38-2-2(1) referred to above does not impact its decision as will be noted in the discussion which follows.
Defendant argues that it is neither an agency nor a public body within the contemplation of § 38-2-2(1) because it does not fit the definition therein set forth and further that it does not act in place of or on behalf of any public agency.
 DISCUSSION
It is well-settled law in this jurisdiction that this Court in interpreting a legislative enactment is ". . . to attribute to the enactment the meaning most consistent with its policies or obvious purposes."
Brennan v. Kirby, 529 A.2d 633, 637 (R.I. 1987) matter of Falstaff Brewing Corporation; re: Narragansett Brewery Fire, 637 A.2d 1047, 1050 (R.I. 1994). Further, the Court is to give effect to each word of an enactment and to assume that each word serves a useful purpose. Defenders of Animal, Inc. v. Department of Environmental Management,553 A.2d 541, 543 (R.I. 1989). With the foregoing in mind, this Court notes that the legislation creating Beacon enacted a decade after Title 38, Chapter 2 specifically provides that: "The fund (defendant here) shall not be considered a state agency for any purpose." (See 27-7.2-16.)
Further, it provides "The money of the fund is not state money. The property of the fund is not state property. The employees of the fund shall not be considered state employees." (See 27-7.2-14.)
Further, the General Assembly in establishing Beacon clearly stated that Beacon is ". . . deemed an insurance company organized pursuant to Chapter 1.1 of Title 7," (the Business Corporation Act) (see § 27-7.2-2(d)) and that it was to be organized and operated as a domestic mutual insurance company (see § 27-7.2-2(b)).
The Court also notes that while some initial funding came from a state controlled fund, this long since has been repaid, and at least since the repayment, the directors (except those serving as such ex-officio) are selected by the policyholders. Also Beacon, just as all other insurance carriers doing business within the state, is required to file certain annual reports with the Department of Business Regulation but since the repayment of state funds, as aforesaid, Beacon has not been required to file an annual report with the General Assembly (that requirement mandated by § 27-7.2-21, as originally enacted, has been repealed.)
Predicated upon all of the foregoing, it is clear to this Court that Beacon is neither an "agency" nor a "public body" within the contemplation of § 38-2-2 of the General Laws.
Plaintiff also urges upon the Court the proposition that defendant, if neither an agency nor public body, is a corporation or business entity acting on behalf and/or in place of (a) public agency.
Plaintiff has the burden of demonstrating to this Court that defendant, here, acts on behalf of (or if the most recent amendment to the statute is of significance to the facts here "or in place of") any public agency. There can be no question but that Beacon as above indicated was created at a tumultuous time so far as the availability of Workers' Compensation insurance coverage within this state is concerned.
There can be no question but that in reaction thereto, the General Assembly caused to be organized an insurer of last resort (§ 27-7.2-2(a)). Similarly, there is no question but that plaintiff correctly emphasizes the determination by the General Assembly that the creation of Beacon "is for the benefit of the public and in furtherance of the public purpose." § 27-7.2-2(f).
However, related to the public benefit, as it clearly is, the provision of insurance in a commercial setting is not something that in this state has been undertaken by public agencies. It, thus, cannot be said that the insurer of last resort created by the General Assembly and deemed an insurance company organized under the provisions of the Business Corporation Act and organized and operated as a mutual insurance company is acting either on behalf or in place of any public agency.
Predicated upon the foregoing, this Court holds that Beacon Mutual Insurance Company is not subject to the provisions of the Access to Public Records Act.
Defendant's counsel shall present an appropriate order and judgment consistent herewith.