THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WALTER C. HILDEBRANDT, Appellant.

County Court, Monroe County, January 7, 1954.

*Delon F. Mousaw* for appellant.

*Clarence J. Henry, District Attorney (Alan M. Hill* of counsel), for respondent.

*Nixon, Hargrave, Devans & Dey, amicus curiæ.*

O'MARA, J.  The defendant appeals from a judgment of conviction in a court of Special Sessions in the town of Brighton involving a violation of subdivision 4 of section 56 of the Vehicle and Traffic Law in that the defendant did on the 7th day of July, 1953, operate his automobile at a rate of speed in excess of the speed authorized by the said section.

At the trial the prosecution established that the defendant's automobile on the day in question was operated at a speed in excess of that authorized by law and from this proof, the trial court in order to find the defendant guilty had to presume that the defendant being the owner of the automobile was its operator at the time of the claimed violation.  As to whether the trial court had the legal right to infer from the established facts that the defendant owner was the operator of the car constitutes the legal question raised by the defendant on this appeal.

Evidence of the claimed speeding violation was obtained by police officers of the town of Brighton by photographs of the defendant's automobile from which, by means of a mathematical formula, the speed of the automobile was determined.  The accuracy of the photographic camera used for the purpose of determining the speed of moving vehicles is not questioned on this appeal and it appears from the record that its accuracy was fully demonstrated by an expert witness during the course of the trial.

The claimed violation took place on July 7, 1953, but the defendant was not notified of the violation by the Brighton police department until on or about July 23, 1953. It is argued in behalf of the defendant that because of the delay in advising him of the speeding violation, the judgment of conviction should be reversed. It is believed that the defendant might well have been placed at a distinct disadvantage because of the delay in requesting him to appear to answer the charge, especially in view of the manner in which the police obtained the evidence of the speeding violation, but it cannot be said as a matter of law that the delay is a sufficient ground for reversing the conviction. It is provided by section 142 of the Code of Criminal Procedure that a prosecution for a misdemeanor may be commenced any time within a period of two years from the date of its commission. Subdivision 29 of section 2 of the Vehicle and Traffic Law makes the offense of speeding a traffic infraction and it is further provided by the same paragraph that all provisions of law relating to the prosecution of misdemeanors shall apply to traffic infractions. I think it should be said however that there should be no unnecessary delay on the part of law enforcement officers in bringing similar violations to the attention of the accused.

It is claimed in behalf of the defendant that it cannot be presumed as a fact that the owner of the automobile was its operator at the time of the violation in question and that the decision of our Court of Appeals in the case of *People* v. *Rubin* (284 N. Y. 392) cannot be applied to a so-called '' moving violation ''. The *Rubin* case involved the violation of a parking regulation of the city of New York. The prosecution established that the parking regulation had been violated and that Rubin was the registered owner of the automobile. From these proven facts the Court of Appeals held that the trier of the facts had the right to infer that the registered owner of the automobile was the person who stationed the automobile in violation of the parking regulation. It is believed that the decision in the *Rubin* case is decisive of the same question presented in the case at bar. The Court of Appeals, in holding as it did in the *Rubin* case, in so many words said that the trier of the facts had the right to infer from the established facts that the owner of the automobile was the person who operated the same into the '' no parking '' area. The Court of Appeals said (p. 396): '' To rule that this inference may not be drawn from the established facts would be to deny to the trier of the facts the right to use a common process of reasoning.''

There exists in the law another presumption of fact that might well be applied to the proofs in this case and that is the presumption of the identity of a person from the identity of his name. This presumption is apparently much less liberal in criminal prosecutions than in civil cases but in *People* v. *Reese* (258 N. Y. 89, 96), the court said: "Identity of name is not always sufficient in a criminal prosecution to show identity of person * * * but it may be accepted as sufficient if fortified by circumstances". The outstanding circumstance which identifies the defendant in this case as being the operator of the automobile is the undisputed evidence that he was the owner of the automobile.

Presumptions of facts are constantly arising from the proof of other facts which move juries or courts to a determination. Because these presumptions are not classified into statute law does not weaken their force in the particular case. Presumption of guilt from possession of fruits of crime is a rule of evidence, as distinguished from a statutory rule, that has been adhered to by our courts for a long period of time. The application of this rule of evidence or of any other similar case law rule is not dependent upon the seriousness of the offense charged. The presumption of guilt from possession of the fruits of crime has been invoked not only in larceny, burglary and robbery cases but likewise in cases involving the charge of murder. (*Knickerbocker* v. *People of State of N. Y.*, 43 N. Y. 177, 183; *People* v. *Jackson*, 182 N. Y. 66.) In the *Knickerbocker* case, Judge PECKHAM speaking about the presumption of guilt from the possession of the fruits of crime said, " There is very little danger to the innocent from this rule of evidence which has been followed for centuries; innocence so readily asserts itself. Its abrogation would greatly weaken the power of criminal prosecutions, which are already sufficiently weak."

The presumption of fact relied upon by the trial court to warrant the conviction of this defendant visits no hardship upon him for he is given the opportunity to explain away the said presumption and a rule has been established by the courts that when an unimpeached witness testifies distinctly and positively to an uncontradicted fact, such testimony should be credited and have the effect of overcoming the existence of a fact that is presumed. (*Elwood* v. *Western Union Tel. Co.*, 45 N. Y. 549.)

The judgment of conviction is hereby affirmed.

Submit order accordingly.