STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. RALPH DAVIS, DEFENDANT-APPELLANT.

Argued June 1, 1965—Decided July 6, 1965.

Mr. *Norman J. Abrams* argued the cause for appellant (Mr. *C. Douglas Reina*, on the brief).

Mr. *George Perselay*, Assistant Prosecutor, argued the cause for respondent (Mr. *Leo Kaplowitz*, Union County Prosecutor, attorney).

The opinion of the court was delivered
PER CURIAM. Defendant was convicted of murder in the first degree, and the jury not recommending life imprison-

ment, he was sentenced to death. He appeals directly to this Court pursuant to *R. R.* 1:2–1(c).

The judgment must be reversed and the matter remanded for retrial by reason of *Griffin v. State of California,* 380 *U. S.* 609, 85 *S. Ct.* 1229, 14 *L. Ed. 2d* 106 (1965). In that case, decided after the trial of the matter now before us, the United States Supreme Court held the self-incrimination provision of the Fifth Amendment to the Federal Constitution applied to the states and forbade adverse comment upon the failure of a defendant to take the stand at his trial. We concluded in *State v. Lanzo,* 44 *N. J.* 560 (June 1, 1965), that the comment then authorized both by our decisions and by State statute came within the sweep of *Griffin.*

■ Here the defendant did not take the stand. His failure was commented upon in terms barred by *Griffin,* and hence, upon this direct appeal from the judgment of conviction, we must find there was error. With respect to whether the error was harmful, we are unable to say it was not, even though evidence of guilt is quite ample, for the comment perhaps played a role in the jury's determination upon the death penalty.

■ We note defense counsel informed the jury that defendant declined to take the stand because defendant was convinced no one would believe him. Perhaps counsel felt pressed thus to relay defendant's statement to him because after counsel had outlined to the jury what testimony defendant himself would later give, defendant changed his mind and refused to take the stand. Nonetheless it was improper for defense counsel to assert *factually* why his client chose to remain silent. Such assertions are testimonial in nature, and such testimony can be given only from the witness stand. The State cannot be expected to acquiesce in a reason thus asserted. We add that if this rule should be transgressed, the State should move to strike the assertion, and thereupon a trial judge should do so and instruct the jury to disregard it.

Since the case must be retried, we should discuss the matter of assignment of counsel. Defendant asserts his constitu-

tional rights were violated when counsel was furnished and directed by the trial court to continue despite defendant's stated preference to try the case himself.

Defendant initially objected to counsel assigned to defend him. Counsel nonetheless offered their aid and defendant alternately accepted and rejected it. As of the commencement of the trial, defendant seemed content but shortly thereafter he sought to try the case himself. The trial court declined to relieve counsel but permitted defendant to participate in the trial along with them. One could easily conclude that defendant was bent upon preventing a fair trial. In any event, counsel were placed in a most difficult position, as illustrated by defendant's refusal to testify after counsel, in apparent reliance upon an earlier understanding with defendant, had said that he would. We gather that during the trial there was poor communication between defendant and counsel because defendant willed to have it that way. As a result counsel had to cope with defendant's trial tactics as best they could.

Now defendant complains that the trial court denied him his constitutional right to conduct his own defense. It is frequently said an accused has that right, *Adams v. United States ex rel. McCann*, 317 *U. S.* 269, 279, 63 *S. Ct.* 236, 87 *L. Ed.* 268, 275 (1942); *Johnson v. Zerbst*, 304 *U. S.* 458, 468, 58 *S. Ct.* 1019, 82 *L. Ed.* 1461, 1468–1469 (1938); *Moore v. Michigan*, 355 *U. S.* 155, 161, 78 *S. Ct.* 191, 2 *L. Ed.* 2d 167, 172 (1957); *State v. White*, 86 *N. J. Super.* 410 (*App. Div.* 1965); *State v. Burkitt*, 120 *N. J. L.* 393 (*Sup. Ct.* 1938); Annotation, 77 *A. L. R.* 2d 1233 (1961), but that right is not absolute. A man may defend himself if he can with fairness to the State and to the judicial process. Further, in capital cases, we have a policy against the imposition of a death sentence upon a plea of guilty, and upon that same policy would not permit a man at trial to default deliberately to that end. There is no indication that defendant is thus motivated; we mention the subject only because it is a factor which a trial court may have to weigh. Necessarily, there must be a considerable area of discretion in a trial

court, and its decision should not be rejected unless it was plainly improvident.

We do not disagree with the trial court's treatment of this problem albeit there ensued difficulties, of defendant's own making. But in the light of that experience with this defendant, we suggest the retrial be handled differently. Counsel should again be assigned. By now defendant must be fully aware of the difficulties of defending himself, and the hazards involved. If after consultation with counsel he informs the trial judge in open court that he does not wish the aid of counsel, he should, upon appropriate warning of the consequences of his choice, be permitted to conduct his own defense, with assigned counsel available at all times in the courtroom to advise or aid defendant as defendant may wish. The trial court of course will remain free to depart from our suggestion as circumstances may indicate.

The judgment is reversed and the matter remanded for retrial.

*For reversal* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.