420 P.2d 278

**STATE of Arizona, Appellee,**

**v.**

**Sandy SMITH, Jr., Appellant.**

**No. 1673.**

Supreme Court of Arizona.

In Banc.

Nov. 17, 1966.

Darrell F. Smith, Atty. Gen., and Gary K. Nelson, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, and Grant Laney, Deputy Public Defender, for appellant.

BERNSTEIN, Vice Chief Justice.

The defendant appeals from a conviction of first degree burglary under A.R.S. § 13-302 rendered in the Superior Court of Maricopa County. Statements made by the prosecution during closing arguments relating to possible reasons that the defendant did not take the witness stand form the basis for this appeal.

During the course of trial the counsel for the defense made the following statement:

"Now this is bound to come out, so I will mention it at this time. I know that especially any of you who are jurors in a criminal case for the first time are wondering why the defendant didn't take the stand today in his own defense. Some of you may take this as some kind of an inference of guilt in this matter. For any of you who do not know, our law specifically states that a defendant, is not required to take the stand, that the entire burden is upon the state to prove everything and the defense doesn't have to do anything but can remain mute through the proceedings. This rule was established for the reason that some persons, some defendants, don't have the mental capacity to withstand vigorous cross examination of a Deputy County Attorney, and even though that person may be completely innocent of the charge, he may not have the mental facilities to satisfy a jury as to his innocence. I beg of you, please don't hold against the defendant the fact he didn't take the stand. There are reasons why defendants do not take the stand not necessarily those of being guilty of the charge."

In his closing argument, and in response to the above statement, the prosecuting attorney had the following to say:

"Counsel talked about the defendant not taking the stand. He gave several reasons for which the defendant did not have to take the stand. Since he has opened the door in that area, I would like to say that one of the reasons the defendant does not have to take the stand is because when he does take the stand, he is submitted to cross-examination, and on cross examination the state would be allowed to go into any aspect of the defendant's life which might have a bearing on the case and he would be asked about anything that he may have done in the past, any trouble he had been in, any conviction that he may have had, and certainly if he had been in trouble before, he wouldn't want to take the stand."

The defendant contends that the above statement was prejudicial and in violation of his rights pursuant to A.R.S. § 13-163, subsec. B which provides:

"The defendant's neglect or refusal to be a witness in his own behalf shall not in any manner prejudice him, or be used against him on the trial or proceedings."

 It is an established principle of law that a prosecuting counsel may not comment on the fact that the defendant chose not to take the witness stand in his own behalf. In the case of Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, the Supreme Court of the United States held that the Fifth Amendment privilege against self-incrimination applied to the states as part and parcel of the Fourteenth Amendment's due process clause, and in the case

of Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 the same court held that the right to choose not to take the stand *and* to be free from comment concerning that choice was embodied in the privilege. We are concerned therefore not only with a statutory right under Arizona law but an individual's constitutional rights as well. It is in this light that we now consider the present case.

■ Counsel for the prosecution admits that if his statement in court stood alone there would be no question but that the defendant's rights had been prejudicially affected. However, he argues that the statement made by the defense counsel justified his response. He bases this argument on the doctrine of "invited error" recognized by this court on a number of occasions. State v. Gortarez, 98 Ariz. 160, 402 P.2d 992; State v. Evans, 88 Ariz. 364, 356 P.2d 1106; Post v. State, 41 Ariz. 23, 15 P.2d 246. The doctrine provides that where remarks of the prosecuting attorney, even though improper, are invited or occasioned by accused's counsel, or are in reply to or in retaliation for his acts or statements they are generally not grounds for reversal. The question, therefore, before this court is whether the invited error doctrine is properly applicable to the case at hand. For reasons below, we hold that it is not.

The State in urging this court to affirm the defendant's conviction below is, in effect, requesting that we grant broad application to the invited error doctrine while simultaneously giving a narrow interpretation to the rule in Griffin and the protection it affords a defendant's constitutional guaranty against self-incrimination. We cannot sanction this order of emphasis. The rule in Griffin is designed as protection for a constitutional privilege and, consequently, extreme caution must be exercised in permitting an evasion of these fundamental rights.

■ The court in the case of Glotzbach v. Klavans, D.C., 196 F.Supp. 685, stated that the constitutional guarantee against testimonial compulsion should be liberally construed in favor of those to be protected and that correspondingly the theory of waiver should not be unduly extended. This premise is likewise applicable to the present situation, the notions of waiver and invited error being closely akin.

■ In the Gortarez case, supra, we indicated that invited errors will not normally be grounds for reversal, "unless they go beyond a pertinent reply or are necessarily prejudicial." This quoted language is a clear recognition of limits to the application of the invited error doctrine. Recently, in State v. Cortez, 101 Ariz. 214, 418 P.2d 370, we imposed such limits. The defense counsel in Cortez improperly rebuffed the work of the police in preparing the prosecution, and the prosecutor in retaliation stated that, "Had this been a weak case, the court would have directed us out." We held there that the comment of the defense counsel, though itself improper, was insufficiently provocative to justify the prosecutor's reply.

■ The present case is a clearer instance where the invited error doctrine does not apply. The remarks of the prosecuting attorney went far beyond the comments of the defense attorney even to the extent of saying that if the defendant took the stand "he would be asked about anything that he may have done in the past". In Cortez, supra, the remarks were deemed reversible error because both improper and prejudicial. In the present instance there is the added factor that the prosecutor's remarks went directly to a specific constitutional guaranty. This latter right has been considered to be of such importance and magnitude that where it has been breached no resulting prejudice need be shown in order to warrant a new trial. See State v. Davis, 45 N.J. 195, 212 A.2d 19.

The very nature of the privilege not to take the witness stand, as an essential part of the right against self-incrimination, commands the decision we have reached. The privilege contemplates a defendant's free choice not to testify no matter what his rea-

**410**

sons may be. The moment we sanction speculative comment on what defendant's reasons are for exercising this right, we necessarily destroy the purpose of defendant's free choice. Effective innuendos raised by the prosecution will naturally pressure the defendant into taking the stand to rebut the resulting implications. If, on the other hand, the defendant chooses to remain silent, then the very inferences of guilt which the Griffin case expressly sought to avoid are left to mar the trial.[1]

Mention is made of the fact that the defendant failed to object at trial to the statement made by the prosecution. The state contends that this is equivalent to a waiver of the objection, but we must disagree.

In Rutledge v. State, 41 Ariz. 48, 15 P.2d 255, this court said the general rule that it would not rule on the propriety of the prosecutor's remarks if timely objection was not taken, was inapplicable if it appeared affirmatively on review that the general conduct of the prosecuting counsel was such that it must be presumed to have resulted in a miscarriage of justice. This position was given further support in the case of State v. Marsin, 82 Ariz. 1, 307 P.2d 607, where we stated that if the claimed error is so fundamental that it is manifest that the defendant did not have a fair trial, the reviewing court will consider the error even though no objection was raised below. When one has been denied a constitutional right as essential as the right against self-incrimination, prejudicial effect will be presumed and the error will be deemed fundamental.

Reversed.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and McFARLAND, JJ., concur.

---

1. The Supreme Court in the Griffin case expressly recognized the differences between what the jury may infer given no help from the court or prosecution and what they may infer when the court or prosecution solemnizes the silence of the accused into evidence against him.