426 P.2d 633

**The STATE of Arizona, Appellee,**

**v.**

**John D. BURRELL and Bobby Favors, Appellants.**

**No. 1591.**

Supreme Court of Arizona.

In Banc.

April 12, 1967.

Rehearing Denied May 16, 1967.

Darrell F. Smith, Atty. Gen., Philip W. Marquardt, Asst. Atty. Gen., for appellee.

Leibsohn, Goldstein & Weeks, Phoenix, for appellants.

BERNSTEIN, Chief Justice.

On June 11, 1963, the appellants John D. Burrell and Bobby Favors escaped from the Arizona State Prison at Florence, Arizona. On June 13th the appellants were spotted by police and given chase. During a high speed pursuit the police officers were fired upon by the appellants. When finally cornered they surrendered to the police in Glendale, Arizona, and were taken to the Maricopa County Jail as escapees.

A complaint was filed on June 14, 1963, before the Justice of the Peace of West Phoenix Precinct, charging both appellants with three counts of assault with intent to commit murder. The record shows arrest warrants were issued the same day and placed in the hands of the Sheriff of Maricopa County for serving. Shortly thereafter, without the arrest warrants having been served, the appellants were returned to the Arizona State Prison. Following their return to prison they were timely charged, tried and convicted in Pinal County Superior Court for the crime of escape.

Appellant Burrell filed a motion for preliminary examination in West Phoenix Jus-

tice Court on September 15, 1964 which was granted. The warrants of arrest (issued June 14, 1963) were served upon both defendants October 1, 1964. Hearing was held five days later. Informations in three counts for Assault with Intent to Commit Murder were filed November 4, 1964; following arraignment appellants, appearing with counsel pled not guilty. Prior to commencement of trial, appellants moved to dismiss the informations for lack of prosecution, which motion was denied by the trial court. Both appellants were tried and convicted on all three counts and from such convictions they prosecute this appeal.

Appellants first contend that the "sixteen month delay without good cause shown between *the time of arrest* in June 1963, and the time of first preliminary hearing in October 1964, constitutes a denial of accuseds' constitutional and statutory right to a speedy trial." (Emphasis added).

When apprehended the appellants were both taken into custody as escaped convicts and returned to the state prison at Florence, where they belonged. The record shows that formal arrest on the charges and convictions from which this appeal arises were not made until October 1, 1964, and preliminary hearing, arraignment and trial timely followed.

█ The rule is firmly established that the protection afforded by Art. 2, § 24 of the Arizona Constitution, A.R.S. and by the Sixth Amendment right under the United States Constitution to a speedy trial, has no application until after a prosecution is commenced or an accused is held to answer, State v. Maldonado, 92 Ariz. 70, 373 P.2d 583; Palmer v. State, 99 Ariz. 93, 407 P.2d 64; State v. Pruitt, 101 Ariz. 65, 415 P.2d 888; Foley v. United States, 290 F.2d 562 (1961) (8th Cir.) cert. denied 368 U.S. 888, 82 S.Ct. 139, 7 L.Ed.2d 88 (1961); D'Aquino v. United States (9th Cir) 192 F.2d 338, 350, cert. denied 343 U.S. 935, 72 S.Ct. 772, 96 L.Ed. 1343. Cf. People v. Jordan, 45 Cal.2d 697, 290 P.2d 484 (1955); People v. Hildebrandt, 204 Misc. 1116, 129 N.Y.S.2d 48 (1954)

█ Rule 236 of our Rules of Criminal Procedure, 17 A.R.S. is intended to implement the "speedy trial" provision of Arizona Constitution, Article 2, § 24, State v. Churchill, 82 Ariz. 375, 378, 313 P.2d 753, 754 (1957). We held in State v. Maldonado, supra, "the right to a speedy trial * * commences at the time an accused has been 'held to answer' by a magistrate." Informations having been filed on November 4, 1964, and trial following on December 28, 1964, it appears on the face of it that appellants' right to a speedy trial was not denied them.

Appellants further contend they were denied due process under Art. 2, § 4 of the Arizona Constitution and the Fourteenth Amendment of the United States Constitution, because there was a sixteen month delay between the time of their recapture after escape and the time of their preliminary hearing.

█ A.R.S. § 13–106, subsection B, requires that an information for felony be filed within five years after its commission. The charges here then were filed well within the statute of limitations, and the mere passage of time in and of itself does not constitute such prejudice as to prevent a fair trial, State v. Pruitt, supra; United States v. Ewell, 383 U.S. 116, 122, 86 S.Ct. 773, 15 L.Ed.2d 627.

Appellants further contend a denial of due process on the grounds that they were not furnished with counsel prior to the time of preliminary hearing, and were thus denied a fair trial. They assert that had counsel been furnished at an earlier date the State could have been forced to bring them to trial without undue delay. Further the fact of appellants' incarceration, coupled with the lack of an attorney's assistance, prevented them from discovering and preserving evidence to be used in their defense.

In State v. Schumacher, 97 Ariz. 354, 400 P.2d 584 (1965) this court held:

"* * * there is no arbitrary point in time at which the right to counsel at-

**138**

taches in pre-trial proceedings and that the critical point is to be determined from the nature of the proceedings and what actually occurs in each case.

"Generally, the failure to assign counsel prior to preliminary examination, *unless a defendant's position has been prejudiced thereby,* is not considered a denial of the Sixth Amendment rights." (cases cited) (Emphasis added).

■ The appellants have failed to show prejudice. There was nothing to show appellants' claimed delay in appointment of counsel deprived the appellants of the opportunity to prepare effectively for, or competently defend themselves at trial. Although they alleged knowledge of three witnesses they do not show that the delay in obtaining counsel prevented them from bringing these witnesses before the court. It has not been shown that these witnesses or their testimony was unavailable because of the claimed delay. The record does not reveal that any attempt was made by the appellants' counsel to subpoena the witnesses at trial or to take their depositions before trial. The fact of appellants' incarceration in the state prison as felons during this period of time does not constitute prejudice.

Finally, appellants contend that the county attorney, in his argument to the jury, improperly commented on the fact that appellant, Bobby Favors, failed to testify in his own behalf.

The prosecutor's statement was as follows:

"Now, the judge again will instruct you that we have charged the defendants with assault with attempt to kill. *Now, Bobby Favors said nothing. What have you heard?* We heard all the witnesses and some of the testimony was contrary to common sense * * *" (Emphasis added).

A.R.S. § 13–163, subsection B provides:

"B. The defendant's neglect or refusal to be a witness in his own behalf shall

not in any manner prejudice him, or be used against him on the trial or proceedings."

The United States Supreme Court, in Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, held that the Fifth Amendment forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt. See also Chapman v. State of California, 385 U.S. ——, 87 S.Ct. 824, 17 L.Ed.2d 705; and this court recently held in State v. Smith, 101 Ariz. 407, 420 P.2d 278, 280, that the "very nature of the privilege not to take the witness stand, as an essential part of the right against self-incrimination * * * contemplates a defendant's free choice not to testify * * *"

The statement here objected to "Now, Bobby Favors said nothing," taken in the light of the state of the record and evidence, is vastly different and readily distinguishable from the complained of comments in either the Griffin or Smith cases, supra. In Griffin the prosecutor after recounting to the jury what he assumed the accused knew about the case said "These things he has not seen fit to take the stand and deny or explain." Moreover, the trial judge instructed the jury, as was permitted under California law that it could draw reasonable inferences from the accused's failure to take the stand and testify.

In State v. Smith, supra, the prosecutor in response to a previous statement of the defense attorney said:

"Counsel talked about the defendant not taking the stand. He gave several reasons for which the defendant did not have to take the stand. Since he has opened the door in that area, I would like to say that one of the reasons the defendant does not have to take the stand is because when he does take the stand, he is submitted to cross-examination, and on cross examination the state would be allowed to go into any aspect

**139**

of the defendant's life which might have a bearing on the case and he would be asked about anything that he may have done in the past, any trouble he had been in, any conviction that he may have had, and certainly if he had been in trouble before, he wouldn't want to take the stand."

In both Griffin and Smith the prosecutor adversely commented upon the fact that the involved defendant did not take the stand, clearly inferring that the silence of the accused was evidence of guilt.

In the instant case there were two defendants, Burrell and Favors, facing like charges and competently represented by the same counsel. Whether it was at their request or was a matter of counsel's reasoned defense strategem, one of the defendants testified, the other did not. Of this fact the jury was cognizant. Defense counsel called the defendant Burrell, and through his testimony elicited the common defense of both defendants. From the reporter's transcript we quote:

"BY MR. CUNNINGHAM: [attorney for both defendants]

"Q State your name, please.

"A John Burrell."

*     *     *     *     *     *

"Q Were you at any time that morning—did you have occasion to be out on the highway on Grand Avenue?

"A Yes, sir. That's the last place we was going.

"Q While you were out there did any chase or pursuit take place?

"A Yes sir. This highway patrolman passed us going the other way. When he went, we saw him going the other way. Well, he turned around and started after us so we sped the car up.

"Q Where did you go from there?

"A We went approximately two or three miles and then we made a U-turn going back into the City of Phoenix.

"Q Then where did you go?

"A Well, we turned and started back and this officer, he pulled over to the side so we went on back by him, and we was pursued by the officers into Glendale, I guess it was, and from there we turned off the highway and hit the fence.

"A Mr. Burrell, that morning the car that you were in, was it fired upon?

"A Yes, sir, the first time.

"A When was this?

"A I don't remember how many times. The first time was when we made a U-turn and started back. The officer was out of his car and standing by the door, it was open, and he fired one or two shots at us, I don't remember. We were both down on the seats."

*     *     *     *     *     *

"Q Who was with you during this period and after?

"A Bobby Favors.

"Q Was anybody else with you?

"A No, sir."

*     *     *     *     *     *

"Q At any time did Bobby Favors shoot at all?

"A No.

"Q Do you know whether or not he had a weapon?

"A He had a .25 automatic that was—"

The challenged statement of the prosecutor was a broad assertion of the state of record and the evidence, or the lack of it, as the prosecutor saw it. He stated a fact already known to the jury by virtue of its attendance at the trial—"Bobby Favors said nothing" but did not comment, adversely or otherwise thereon.

Under the setting of this particular case, where counsel for both appellants elicited their common defense through the testimony of only one of them, we feel the statement of the prosecutor was "so un-

important and insignificant \* \* \*" as to "be deemed harmless," Chapman v. State of California, supra.

Judgment affirmed.

McFARLAND, V. C. J., and STRUCK-MEYER, UDALL and LOCKWOOD, JJ., concur.