517 P.2d 507

**STATE of Arizona, Appellee,**

v.

**Jeannie Lou RHODES, Appellant.**

**No. 2615.**

Supreme Court of Arizona,
In Banc.

Dec. 20, 1973.

Rehearing Denied Jan. 22, 1974.

Gary K. Nelson, Atty. Gen., Moise Berger, Maricopa County Atty., by William F. Hyder, Deputy County Atty., Phoenix, for appellee.

Murray Miller and Philip M. Haggerty, Phoenix, for appellant.

HOLOHAN, Justice.

Jeannie Lou Rhodes was convicted of first degree murder in the death by strangulation of her mother. She was sentenced to life imprisonment.

The State's theory of the case, based totally on circumstantial evidence, is that the defendant planned and carried out the murder of her mother in a cold and calculated manner. Although no motive was ever determined, the State was able to produce enough circumstantial evidence to convince the jury of the defendant's guilt.

Throughout the investigation of the crime and the trial, the defendant insisted she had nothing to do with the murder. She maintained that she and her mother were the victims of an attack by unknown third persons. She did not take the witness stand in her own behalf, but her statements of the events in question were brought before the jury by the testimony of police officers who interviewed her, and by a psychiatrist called on behalf of the defense.

The defendant raises several issues on appeal, but we need only deal with the first. Was it reversible error for the prosecution in a crucial area of argument to directly refer to the fact that the defend-

ant did not take the witness stand and testify to a key fact?

 In his rebuttal to the defense's closing argument, the prosecutor, in referring to the testimony of the psychiatrist, Dr. Tuchler, said:

> "MR. HYDER: So, if we are to presume—if we are to presume Dr. Tuchler is to be the key in this case and he is going to extend—he's going to extend and explain away the following of Jeannie's failure *that she did not have to explain away, or that she did not explain away off of that witness stand,* well, let's examine Dr. Tuchler more closely. Let's examine him more closely." (T.R. Vol. XI, p. 97) (Emphasis added.)

This is a direct comment on the defendant's failure to take the witness stand. Whether this was intentional or accidental is of no moment. The defense motion for a mistrial should not have been denied. In a case where the defendant's rights against self-incrimination are violated it is fundamental error. State v. Smith, 101 Ariz. 407, 420 P.2d 278 (1966).

The prosecution urges that this case should be treated as one involving harmless error. It cites State v. Burrell, 102 Ariz. 136, 426 P.2d 633 (1967) for the proposition that the harmless error doctrine may apply in cases involving a defendant's Fifth Amendment rights. While we agree that harmless error has its place in some cases this is not one of them. It is appropriate in a case such as State v. Scarborough, 110 Ariz. 1, 514 P.2d 997 (1973) where the evidence of guilt was overwhelming and the prosecutor's comment did not contribute to the verdict. In the present case the evidence hangs in delicate balance with any prejudicial comment likely to tip the scales in favor of the State. With all the facts before us, we cannot say that the comment is beyond a reasonable doubt harmless. We must follow the constitutional and legislative mandate (A.R.S. § 13-163) that a defendant's refusal to be a witness in his own behalf shall not in any manner prejudice him or be used against him.

The case is reversed and remanded for a new trial.

HAYS, C. J., CAMERON, V. C., J., and STRUCKMEYER and LOCKWOOD, JJ., concur.