576 P.2d 132

**The STATE of Arizona, Appellee,**

v.

**Ronnie James CANNON, Appellant.**

**No. 4074–PR.**

Supreme Court of Arizona, In Banc.

March 2, 1978.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Derickson, Kemper & Henze by James Hamilton Kemper, Phoenix, for appellant.

CAMERON, Chief Justice.

This is an appeal from a jury verdict and judgment of guilt to the crime of voluntary manslaughter while armed with a gun or deadly weapon. A.R.S. §§ 13–456 and 457. Defendant was sentenced to serve not less than forty nor more than fifty years in the Arizona State Prison.

We must answer one question: Were the closing comments of the prosecutor calculated to point out to the jury that the defendant had not taken the stand in his own defense?

The facts necessary for a determination of this matter on appeal are as follows. On or about 29 July 1975, the body of Carmen Cannon was discovered in the Fountain Hills subdivision in Maricopa County, Arizona. Although the body was in an advanced state of decomposition, it was evident that the victim had suffered a skull fracture and a severe cutting injury to the neck prior to the time of death. The husband of the deceased, Ronnie James Cannon, was arrested and charged with murder. The trial lasted for two weeks and consisted almost entirely of circumstantial evidence.

The defendant did not take the stand in his own behalf. In his closing argument to the jury, the prosecutor made the following remark:

"There is just one question that we leave with you to go into the jury room, and that question was the question that was *never answered by the defendant*; where was the defendant on Friday night, July 25?" (emphasis added)

The defendant made an immediate objection and a motion for mistrial which was denied.

After deliberating for over three days, the jury indicated by note that they could not agree. After being instructed by the court to attempt to reach a verdict, the jury finally made a decision finding defendant guilty of voluntary manslaughter while armed with a deadly weapon.

It has long been the rule in Arizona that the prosecutor may not comment upon the neglect or refusal of the defendant to be a witness in his own behalf. Our statute reads:

"B. The defendant's neglect or refusal to be a witness in his own behalf shall not in any manner prejudice him, or be used against him on the trial or proceedings." A.R.S. § 13–163(B).

Even without this statute, the United States Supreme Court has stated that comments on the defendant's failure to testify at trial are impermissible. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, reh. den. 381 U.S. 957, 85 S.Ct. 1797, 14 L.Ed.2d 730 (1965). And the Court of Appeals has stated:

"Under both federal law (citation omitted) and Arizona law (citations omitted), a direct or indirect comment upon the failure of the defendant to testify or give evidence at the trial violates his Fifth Amendment rights under the United States Constitution and his Article 2, Section 10 rights under the Arizona Constitution." *State v. White*, 16 Ariz.App. 279, 282, 492 P.2d 1217, 1220 (1972). See also *State v. Rhodes*, 110 Ariz. 237, 517 P.2d 507 (1973); *State v. Acosta*, 101 Ariz. 127, 416 P.2d 560 (1966); *State v. Smith*, 101 Ariz. 407, 420 P.2d 278 (1966); *State v. Villalobos*, 6 Ariz.App. 144, 430 P.2d 723 (1967).

The statement to the jury by the prosecutor, whether by design or accident, was a direct comment on defendant's failure to take the witness stand. It was fundamental error. *State v. Smith*, supra. The motion for mistrial should have been granted.

Reversed and remanded for new trial.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.