764 P.2d 1103
**STATE of Arizona, Appellee,**

v.

**Terry Lyn McCUTCHEON, Appellant.**

**No. CR–87–0021–AP.**

Supreme Court of Arizona,
En Banc.

Sept. 15, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, David A. Powell, Ronald L. Crismon, Susanna C. Pineda, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Former County Public Defender, Dean W. Trebesch, Maricopa County Public Defender by James H. Kemper, Deputy County Public Defender, Phoenix, for appellant.

MOELLER, Justice.

## JURISDICTION

On an earlier appeal to this court, the defendant was granted a new trial. *State v. McCutcheon*, 150 Ariz. 317, 723 P.2d 666 (1986). On retrial, he was found guilty of one count of armed burglary, seven counts of armed robbery, and nine counts of kidnapping. At the time of the offenses, he was on parole. Pursuant to A.R.S. § 13–604.02 (formerly § 13–604.01) he was sentenced to seven life sentences on the armed robbery convictions and to lesser terms on the remaining ten counts, all to be served concurrently. We have jurisdiction pursuant to A.R.S. § 13–4031 and Ariz. Const. art. 6, § 5(3).

## DID THE PROSECUTOR IMPROPERLY COMMENT ON DEFENDANT'S FAILURE TO TAKE THE STAND?

The basic facts of the offenses are set forth in this court's earlier opinion, and it is unnecessary to restate them for purposes of considering the single issue which is before us now. Defendant's only contention on appeal is that the prosecutor's closing argument contained an impermissible comment on defendant's failure to testify. During closing argument, the prosecutor stated:

The armed robbery we are going to ask you, along with the burglary, to find that they were dangerous offenses. That is another jury decision.

What this means, you have to find that the defendant committed these crimes while armed with a weapon, basically, and doesn't have to be in this case, doesn't even have to be Mr. McCutcheon that had the weapon, since he went in there with an accomplice, and he again is equally liable for his actions. And there is no doubt that his accomplice went in there with a shotgun. And Detective

Rose told you yesterday he unloaded that shotgun, and there were five live rounds in that shotgun.

And I don't want to beat on the accomplice, but it is so important in this case. Otherwise, the defendant would be able to tell you that, "Well, I only am accused of this thing. The people told me it was a person with a handgun, and that wasn't what I am guilty of." This is not the truth, and that is not the way it is. He is accountable for everything happening in Goog's Restaurant May 1, 1984, because he was an accomplice.

Defendant did not object to this statement in the trial court, but raises it for the first time on appeal. Defendant correctly asserts that it is constitutional error for the prosecution to comment on the defendant's decision not to testify in his own defense. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Arizona also has a statute precluding such comment. A.R.S. § 13–117(B) (formerly § 13–163(B)).

█ However, to be impermissible, the prosecutor's comments must be calculated to direct the jurors' attention to the defendant's exercise of his fifth amendment privilege. *State v. Gillies*, 135 Ariz. 500, 510, 662 P.2d 1007, 1017 (1983). The defendant contends that we have previously found statements similar to the ones here to be impermissible. He cites *State v. Rhodes*, 110 Ariz. 237, 517 P.2d 507 (1973), *State v. Cannon*, 118 Ariz. 273, 576 P.2d 132 (1978), and *State v. Gillies*, 135 Ariz. 500, 662 P.2d 1007 (1983).

In *State v. Rhodes*, we reversed the trial court's denial of a mistrial because the prosecutor directly commented on the defendant's failure to explain incriminating evidence "off of that witness stand." 110 Ariz. at 238, 517 P.2d at 508. In *Cannon*, we found error where the prosecutor stated: "There is just one question that we leave with you to go into the jury room, and that question was the question that was never answered by the defendant; where was the defendant on Friday night, July 25?" 118 Ariz. at 274, 576 P.2d at 133. We reversed because the statement was a direct comment on the defendant's failure to take the stand.

In *Gillies*, the prosecutor stated:

All other evidence points to the defendant. His cigarette on the rock on top of her body, as in the car, all the physical evidence that had been taken from the vehicle, all her property, he didn't try to explain that because he couldn't. All of that evidence shows that there were two men involved and the defendant was one of the two men.

135 Ariz. at 510, 662 P.2d at 1017. We held that this argument was permissible because it directly rebutted defense counsel's argument that the evidence presented had no real connection to the defendant.

█ The statements in *Cannon* and *Rhodes* were reversible because they called the jury's attention to the fact that the defendant had not personally presented his defense from the stand. Reading the prosecution's statement at issue here in context makes it clear that the prosecutor was not commenting on defendant's failure to testify but was, instead, arguing that the defendant could be guilty, on an accomplice theory, of crimes personally committed by his accomplice. There was no impermissible comment on defendant's failure to testify.

## DISPOSITION

We have also reviewed the entire record for fundamental error pursuant to our duty under A.R.S. § 13–4035. Having found none, the defendant's convictions and sentences are affirmed.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and HOLOHAN, JJ., concur.