NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RICHARD B. TIMLICK, *Appellant.*

No. 1 CA-CR 18-0762
FILED 8-27-2019

Appeal from the Superior Court in Maricopa County
No.  CR2016-002499-001
The Honorable Jacki Ireland, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas Baird
*Counsel for Appellant*

Richard B. Timlick, Buckeye
*Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge David D. Weinzweig joined.

---

**P E R K I N S**, Judge:

¶1        Richard B. Timlick timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), following his convictions for aggravated assault, a class 2 felony, driving under the influence of alcohol while impaired to the slightest degree, a class 1 misdemeanor, driving under the influence of alcohol with a blood alcohol concentration ("BAC") of 0.08 or greater, a class 1 misdemeanor, and unlawful flight from law enforcement in a vehicle, a class 5 felony. Timlick's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Timlick filed a supplemental brief arguing the prosecutor misstated evidence and improperly commented on Timlick's silence during closing arguments. Timlick also argues that the court erred in failing to give a lesser-included offense instruction and by considering non-historical prior felonies at sentencing. Finally, Timlick argues the verdict forms and jury instructions created confusion for the jury as to the classification of the aggravated assault charge. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Timlick's convictions and resulting sentences.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        On March 14, 2016, around 5:00 pm Officer Dufresne responded to a 9-1-1 call made by Timlick. Dufresne pulled up next to Timlick's car in his marked police vehicle and spoke with Timlick for a moment. As a second officer arrived, Timlick pulled away and Dufresne activated his emergency lights and siren and gave chase. A short time into the chase, Timlick did a U-turn and drove back toward Dufresne and the other pursuing officer. Timlick then crossed the center line into Dufresne's lane and approached him head-on. Dufresne switched lanes to avoid Timlick's car at which point Timlick adjusted to again approach Dufresne head-on. Dufresne took additional evasive action and subsequently testified that Timlick passed "very close" to him and that "it appeared that [Timlick] was trying to actually purposely ram" him. Dufresne testified that he was in fear for his life because of Timlick's actions.

¶3        After Timlick passed Dufresne, the chase continued to a commercial parking lot. Both officers pursued Timlick through the parking lot and back onto the street until eventually terminating the pursuit out of concern for public safety. A police sergeant in an unmarked vehicle located Timlick shortly after the initial pursuit ended. The sergeant followed Timlick until Timlick parked and left his car. The sergeant identified himself and told Timlick to "get on the ground" multiple times until Timlick started running toward a nearby mall. The sergeant then used a TASER on Timlick and another officer arrested Timlick. The arresting officer and a detective who interrogated Timlick that evening later testified that they noticed signs Timlick had been drinking. The arresting officer asked Timlick to submit to a blood draw and, when he refused, obtained a warrant and took a sample of Timlick's blood for later testing.

¶4        The State charged Timlick with aggravated assault, two counts of driving under the influence of alcohol, and unlawful flight from law enforcement. At trial, multiple officers testified and the forensic scientist who tested Timlick's blood testified about the results of those tests and her analysis. The forensic scientist testified that Timlick had a BAC of 0.150, more than two hours after his initial contact with Dufresne and, using retrograde analysis, that Timlick had a BAC between 0.156 and 0.169 within two hours of driving. The jury found Timlick guilty on all counts and subsequently found Timlick's aggravated assault charge to be a dangerous offense.

**DISCUSSION**

¶5        The record reveals sufficient evidence from which the jury could determine, beyond a reasonable doubt, that Timlick is guilty of the charged offenses. The record further reflects that all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and that Timlick was represented by counsel at all stages of the proceedings and was present at sentencing. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). Timlick was not present for the trial or the pronouncement of the jury's verdict because he voluntarily absented himself from trial. *See Bohn*, 116 Ariz. at 503 (waiver of right to be present at critical stages). At sentencing, Timlick had the opportunity to speak on his behalf and the court stated on the record the factors it considered in imposing the sentence. *See* Ariz. R. Crim. P. 26.9, 26.10. The sentence imposed was within the statutory limits. *See* A.R.S. §§ 13-701 to -709.

¶6        The arguments raised by Timlick in his supplemental brief do not change our analysis as they are without merit. First, though Timlick

alleges the State improperly characterized evidence in closing arguments, the record belies this allegation. A detective that interviewed Timlick after his arrest testified that Timlick admitted he drove at the pursuing police officers but claimed he did not intend to ram them. In closing, the prosecutor characterized Timlick's statement to the detective as an "admission" that Timlick "intentionally drove at the officers." Based on the detective's testimony, Timlick admitted to driving at the officers and only suggested that he did not intend to ultimately ram them. He did not claim he unintentionally drove at the officers.

¶7　　　　Second, Timlick argues the State improperly commented on his silence during closing arguments. During closing, the prosecutor explained that to prove the driving under the influence charges, the State had to prove Timlick was driving and said "[w]e've heard no evidence otherwise." Though under different circumstances such statements could amount to commenting on a defendant's silence, this single statement regarding evidence that could have been challenged in numerous ways does not rise to the level of a comment "calculated to direct the jurors' attention to the defendant's exercise of his Fifth Amendment privilege." *State v. Hughes*, 193 Ariz. 72, 87, ¶ 64 (1998) (quoting *State v. McCutcheon*, 159 Ariz. 44, 45 (1988)). Thus, the passing reference was not a comment, directly or indirectly, on Timlick's decision not to testify.

¶8　　　　Third, Timlick argues the trial court erred in refusing to give a lesser-included offense instruction on the aggravated assault charge. A defendant is entitled to an appropriate lesser-included offense instruction on request and if supported by the evidence. Ariz. R. Crim. P. 21.4(a). Timlick did not request any such instruction and the court did not err in declining to *sua sponte* instruct the jury on a lesser-included offense. *Id.*; *see also State v. Gipson*, 229 Ariz. 484, 487, ¶ 15 (2012) (trial court should generally withhold lesser-included offense instruction unless requested by one of the parties). Timlick suggests on appeal that the court should have given instructions on threatening under A.R.S. § 13-1202(A)(1) or disorderly conduct under A.R.S. § 13-2904. Neither of these crimes requires the victim to be in actual fear of injury or to be a police officer and thus these instructions were not supported by the evidence. *See State v. Lara*, 183 Ariz. 233, 235 (1995) (disorderly conduct not implicated when there is no question as to a distinguishing element of aggravated assault).

¶9　　　　Fourth, Timlick argues the court erred in using non-historical prior felonies to charge him as a category three offender. A category three offender is an adult standing trial for a felony with two or more historical prior felony convictions. A.R.S. § 13-703(C). "Historical prior felonies" include "[a]ny felony conviction that is a third or more prior felony

conviction." A.R.S. § 13-105(22)(d). At sentencing, the court found Timlick had four prior felonies, the third and fourth of which were historical prior felonies. Thus, the court did not improperly include non-historical prior felonies.

**¶10** Finally, Timlick repeats his argument that he should have been charged with reckless display of a dangerous instrument rather than aggravated assault, this time characterizing the error as confusing the jury. The State, not the court or defendant, makes charging decisions. *See State v. Mieg*, 225 Ariz. 445, 447, ¶ 10 (App. 2010) (prosecutor generally has broad discretion over charging decisions). Thus, it is not error to charge a defendant with crimes supported by the evidence or to forego other charges in the prosecutor's discretion. As previously stated, the evidence supports Timlick's convictions. Accordingly, there was no error in the jury instructions or verdict form as to the aggravated assault charge.

**¶11** To the extent Timlick received extra pre-sentence incarceration credit, the State did not cross-appeal the overage and we therefore lack jurisdiction to modify Timlick's pre-sentence incarceration credit. *See State v. Dawson*, 164 Ariz. 278, 286 (1990).

## CONCLUSION

**¶12** We have reviewed the entire record for arguable issues of law and find none, and therefore affirm the convictions and resulting sentences. *See Leon*, 104 Ariz. at 300–1.

**¶13** Defense counsel's obligations pertaining to Timlick's representation in this appeal have ended. Counsel need do no more than inform Timlick of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Timlick has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Additionally, Timlick has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA